**Jimmy Ray ROJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00005–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 9, 1981.

Kerry FitzGerald, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

Jimmy Ray Rojo was convicted of aggravated assault with a deadly weapon. The trial was before the court without a jury, and punishment was assessed at two years.

Appellant raises three grounds of error: (1) that the defendant should have been permitted to call Candilario Pena as an "adverse witness" and to impeach Pena's testimony by showing his prior criminal record; (2) that the court deprived defendant of a fair and impartial trial by announcing its decision before arguments; and (3) that Tex.Code Crim.Pro Ann. art. 42.12 § 3f(a)(2) (Vernon 1979), forbidding the court from probating a sentence for an offense committed with a deadly weapon, is unconstitutional in that it is unreasonable, arbitrary and discriminatory as applied to defendant. We overrule these contentions.

1. *Impeachment of Defendant's Own Witness.*

The record reflects that defense counsel asked permission to call Candilario Pena "as

an adverse, hostile witness." The judge responded that there was no such thing in criminal law. Nevertheless, defendant's counsel called Pena and, in the course of the interrogation, asked him whether he had been convicted of a felony. The State's objection was sustained. Counsel then elicited testimony that Pena had given appellant's name to the police and had identified him to the police in a photograph. He also interrogated Pena about having lived with a woman identified as appellant's girl friend.

On appeal appellant contends that he should have been permitted to impeach Pena's credibility by showing his conviction for a crime. He does not, however, assert that he laid a predicate for such impeachment by showing that the testimony came as a surprise because of prior inconsistent statements made by the witness. Consequently, the case falls within the general rule that without such a predicate, a party is not permitted to impeach his own witness. *Lewis v. State*, 593 S.W.2d 704 (Tex. Cr.App.1980); *Perez v. State*, 590 S.W.2d 474 (Tex.Cr.App.1979).

Although appellant does not discuss this rule, he seems to argue that it should not apply to Pena because appellant gave notice that he was calling Pena as an "adverse witness" rather than as his own witness. He cites rule 182 of the Texas Rules of Civil Procedure and other authorities to the effect that a party may call any other party as a witness and if that party gives adverse testimony, the calling party may impeach him.

We conclude that the rationale behind rule 182 does not apply to criminal cases. That rule has been construed to apply only to parties named in the petition and answer, or to certain agents of a named corporate party. *Zamora v. Romeo*, 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Ka–Hugh Enterprises, Inc. v. Fort Worth Pipe & Supply Co.*, 524 S.W.2d 418 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.). When an opposing party in a civil suit is called as an "adverse witness," the party calling him

hopes to establish facts unfavorable to the witness. The purpose of the rule is to permit a party to obtain evidence in this manner without vouching for the opposing party's credibility. 1 Ray, Texas Practice, Law of Evidence, § 640 (3d ed. 1980). The opposing party has an adverse interest in the lawsuit, and this interest, rather than the adverse effect of the testimony, authorizes the calling party to impeach him. In a criminal case the adverse party is the State; consequently, no witness called by the defense is an "adverse witness" in the sense of rule 182, no matter how injurious his testimony may be.

Appellant further argues that article 38.-28 of the Code of Criminal Procedure (Vernon 1979) by its terms permits him to impeach the credibility of his own witness by showing the witness's conviction of a crime. This question turns on the meaning of this statute, which provides as follows:

A party may, when testimony of his own witness is injurious to his cause, attack the testimony in any other manner except by offering evidence of the witness' bad character.

Article 38.28 cannot be interpreted as authorizing impeachment of a witness by proving his conviction of a crime because the purpose of such proof is to show the witness to be of bad character, and therefore unworthy of belief. *See Carroll v. State*, 32 Tex.Cr.App. 431, 24 S.W. 100, 101. In civil cases the courts have held that a party may not impeach his own *non-party* witness by showing his conviction of a crime. *Suddarth v. Poor*, 546 S.W.2d 138 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Bernard's, Inc. v. Austin*, 300 S.W. 256 (Tex.Civ.App.—Dallas 1927, writ ref'd). We have found no criminal cases to the contrary. In light of these authorities, we construe article 38.28 as continuing in force the Texas rule that a party may not attack the character of his own witness by showing conviction of a crime. We construe it as continuing also the requirement of a showing of surprise as a predicate for impeaching a party's own witness because of the continuing adherence to that require-

ment by the Court of Criminal Appeals. *Lewis v. State, supra; Perez v. State, supra.* Consequently, we hold that the trial court properly sustained the State's objection to the impeaching evidence.

### 2. *Court's Premature Announcement of Decision.*

Appellant next contends that he was deprived of a fair and impartial trial because the judge announced his decision before closing argument. The record reflects that after both the State and the defense had closed the evidence concerning the issue of guilt, the judge announced that he found the defendant guilty. Apparently the judge mistakenly assumed that appellant would waive argument. Defense counsel objected that he had not had an opportunity to argue. The judge then permitted counsel to argue the merits of the case.

Even though the judge announced his finding before argument, the record shows that this was not a final decision. He gave counsel an opportunity to change the court's mind by summarizing the evidence from the defendant's point of view. Apparently the argument was considered, but was deemed unpersuasive. We cannot say that the appellant was deprived of his right to present a closing argument and thereby denied a fair and impartial trial.

### 3. *Attack on Statute Denying Probation.*

Appellant finally attacks the constitutionality of Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(2) (Vernon 1979), which denies the court the authority to grant probation if the court has made an affirmative finding that a deadly weapon has been used in the commission of the offense, but does not apply when the punishment is assessed by the jury. Before the punishment hearing the court affirmatively found that appellant used and exhibited a deadly weapon during the course of the offense. The record reflects that appellant waived his right to a jury trial.

To determine whether the statute denies equal protection of the law, we must decide whether for this purpose defendants who waive their right to a jury trial fall into a class which can be distinguished on rational grounds from defendants who elect to have their punishment fixed by a jury. We are unable to say that the legislature had no rational basis for such a distinction. Use of a deadly weapon in the commission of an offense is an aggravating circumstance which poses a threat to the community. The legislature could reasonably have denied probation to any defendant convicted of such an offense.

The legislature also could reasonably have concluded that if any defendant convicted of such an offense should be allowed probation, the interest of the community should be determined by the verdict of a jury rather than by the decision of a judge. Thus the classification may be considered to have a rational basis in the light of the purpose of the statute. *See Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

Moreover, the constitutionality of the statute is supported by the fact that the classification is voluntary in the sense that a defendant is brought within its provisions by virtue of his voluntary waiver of a jury trial. Any defendant may preserve his right to seek probation by demanding that his punishment be fixed by a jury. In this respect all defendants have the same rights and none suffer invidious discrimination. Consequently, we hold that the statute does not deny equal protection of the law.

Affirmed.