**The STATE of Texas, ex rel Henry WADE, Criminal District Attorney of Dallas County, Relator,**

v.

**Harold ENTZ, Jr., Judge, County Criminal Court No. 4, Dallas County, Respondent.**

No. 05–85–01177–CV.

Court of Appeals of Texas, Dallas.

April 24, 1986.

Rehearing Denied May 29, 1986.

Constance M. Maher, Asst. Dist. Atty., Dallas, for relator.

J. Thomas Sullivan, SMU Appellate Clinic SMU School of Law, Karen Chilton Beverly, Dallas, for respondent.

Before GUILLOT, McCRAW and HOLLINGSWORTH, JJ.

GUILLOT, Justice.

Relator's motion for rehearing is granted to the extent that our prior opinion is withdrawn; the following is substituted; and the petition for writ of mandamus is denied.

This is a proceeding whereby relator, the State of Texas, through its representative Henry Wade, Criminal District Attorney of Dallas County, seeks a writ of mandamus against respondent Harold Entz, Jr., Judge

of the County Criminal Court No. 4 of Dallas County. Specifically, relator requests that we order respondent to (1) vacate his order deferring adjudication, (2) enter judgment on the jury verdict, and (3) proceed to an assessment of punishment.

The important facts of this proceeding are not in dispute. On April 22, 1985, defendant Shirree Runnett King pleaded not guilty to a charge of misdemeanor theft before a jury impaneled to determine her guilt or innocence. The State presented its case-in-chief and rested. King moved for an instructed verdict which was denied. At that point, King changed her plea to no contest; the respondent instructed the jury to find King guilty, and the jury returned a verdict of guilty. King did not object to the respondent's instruction to the jury or to the procedure followed by the respondent. On May 9, 1985, under the authority of article 42.13, section 3d(a) of the Texas Code of Criminal Procedure,[1] respondent entered an order which deferred adjudication of guilt and placed King on probation. On May 24, 1985, the State moved for judgment on the jury's verdict which was denied.

When King changed her plea from not guilty to nolo contendere, that plea was conclusive of her guilt. *See Le Blanc v. State*, 679 S.W.2d 544, 546–47 (Tex.App.—Beaumont 1984, pet. ref'd). The record shows that the change in plea was accepted by the trial court. At that point, the jury should have been discharged since the trial court was to assess punishment. Under the facts presented, the jury verdict was unnecessary and of no effect. *See Brinson v. State*, 570 S.W.2d 937, 939 (Tex.Crim.App.1978) (Issue of guilt is not submitted to a jury when a defendant has pleaded guilty before it; a jury does not return a verdict of guilt in such a situation). The jury "verdict" in this case was not an adjudication of guilt. Thus, the trial court had the option to defer a finding of guilt and place King on deferred adjudication probation under the provisions of arti-

cle 42.13, section 3d(a) of the Texas Code of Criminal Procedure. Accordingly, the petition for a writ of mandamus is denied.

---

1. Article 42.13, section 3d(a) was repealed by the last legislature. Act of September 1, 1985, ch. 427, § 3, 1985 Tex.Sess.Law Serv. 2895, 2958 (Vernon).