**In re STATE ex rel. O'CONNELL, Relator.**

No. 05–97–02062–CV.

Court of Appeals of Texas, Dallas.

Oct. 6, 1998.

---

John Schomburger, Asst. Dist. Atty., Tom O'Connell, Crim. Dist. Atty., McKinney, for Relator.

Weldon Stone Copeland, McKinney, Lawrence G. Boyd, Dallas, for Respondent.

Christian T. Souza, Dallas, John Milton Cook, Law Office of John M. Cook, Dallas, for real party in interest.

Before THOMAS, C.J., and LAGARDE and ROACH, JJ.

## OPINION ON REHEARING

LAGARDE, Justice.

We grant in part respondent's and real party in interest's motion for rehearing. We withdraw our opinion of August 26, 1998, and substitute this opinion in its place, to clarify certain language as requested in the motion for rehearing. In all other respects, we overrule the motion for rehearing.

In this original proceeding, the Honorable Tom O'Connell, Criminal District Attorney of Collin County, seeks a writ of mandamus directing the Honorable Weldon Copeland, Judge of Collin County Court at Law No. 1 to impanel a jury in cause no. 81792–97, styled *State v. Pittillo.* The State requested a jury trial and contends that in denying its request, the trial judge violated a ministerial duty imposed on him by law. For the reasons given below, we conditionally grant the writ.

Real party in interest Darrell Lynn Pittillo was charged with indecent exposure, a class B misdemeanor. He signed a written jury waiver and announced his intent to waive a jury and plead either guilty or nolo contendere [1] before the court. The State, however, refused to consent to Pittillo's waiver and affirmatively requested a jury trial. The trial judge concluded that in a misdemeanor case, a defendant may unilaterally waive a jury and plead guilty before the court without the consent and approval of the State.

The judge signed an order accordingly. The order expressly relies upon article 27.14(a) of the Texas Code of Criminal Procedure. [2] That section provides:

A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his coun-

sel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.

Tex.Code Crim. Proc. Ann. art. 27.14(a) (Vernon 1989). Pittillo argued that because this provision does not even mention the State, it allowed him to unilaterally waive a jury. The State, however, relied upon article 1.13(a), which provides:

The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Tex.Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.1998). According to the State, the defendant's signing a written jury waiver simply initiated the process by which a jury could be waived, but the process is bilateral [3] and requires the express consent and approval of the State in order to be valid.

The trial judge agreed with Pittillo and, upon his request, set the case for a plea hearing before the court without a jury. The

---

1. The legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as a criminal prosecution is concerned. Tex.Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989); *Lucero v. State,* 502 S.W.2d 750, 752 (Tex.Crim.App.1973). For simplicity, we will refer to pleading guilty throughout this opinion, but our use of the phrase should be understood to include pleading nolo contendere.

2. All statutory references throughout this opinion are to the Texas Code of Criminal Procedure unless indicated otherwise.

3. Article 1.13(a) requires the "consent and approval" of both the prosecuting attorney and the judge. It may be more accurate to describe the process of jury waiver as "trilateral," to which both parties and the court must agree. In this case, however, the trial court's approval and consent to a jury waiver is not an issue; the court wanted to proceed without a jury and in effect approved Pittillo's waiver. Therefore, we will use the term "bilateral" to characterize the State's theory, in contrast to Pittillo's "unilateral" theory.

State then filed this mandamus action, pending disposition of which we granted a stay.

The ultimate issue presented by this mandamus is whether by refusing to impanel a jury under the facts presented, the trial judge violated a ministerial duty imposed upon him by law. To resolve that issue, we must decide whether a defendant in a misdemeanor case may unilaterally waive a jury and plead guilty before the court without the State's consent and approval. To that penultimate issue we now turn.

Primarily, two statutes are implicated: articles 1.13(a) and 27.14(a). Pittillo[4] contends that: (1) because articles 1.13(a) and 27.14(a) are in irreconcilable conflict, the more specific statute controls over the more general, and the more specific statute is article 27.14(a); (2) article 27.14(a) authorizes a judge to hear a misdemeanor case upon a defendant's guilty plea without the State's consent to a jury waiver because, with a nonnegotiated or open plea, a judge never acts as a factfinder; and (3) the State's interpretation of article 1.13(a) would (i) violate a defendant's state constitutional right to due course of law; (ii) violate the separation of powers provision set forth in the Texas Constitution; and (iii) lead to an absurd result.

Contending that the State's reading of article 1.13(a) would render article 27.14(a) meaningless, Pittillo argues that the two articles are in irreconcilable conflict. He claims the benefit of the rule of *in pari materia* in arguing that we must construe article 1.13(a) in light of article 27.14(a).

### Analysis

### Plain Language

◼ It is undisputed that the State's "consent and approval" requirement of article 1.13(a) applies to misdemeanors when a defendant pleads not guilty. *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex.Crim. App.1992) (per curiam). The issue before us is whether it also applies when a defendant pleads guilty.

We begin our analysis by examining the plain language of article 1.13(a), which clearly states that a defendant's right to waive a jury "upon entering a plea" is conditioned on certain procedural requisites being met *"before the defendant enters his plea."* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1998) (emphasis added). The plain language of the statute strongly suggests, therefore, that the requirements of the statute are not contingent upon the kind of plea that is later entered.

We next note that article 27.14(a) focuses on who may initiate the jury waiver process and make a plea of guilty on behalf of a misdemeanor defendant: "the defendant or his counsel." TEX.CODE CRIM. PROC. ANN. art. 27.14(a) (Vernon 1989). This language contrasts with the language of the immediately preceding article, 27.13, which requires that a plea of guilty by a felony defendant "be made in open court by *the defendant in person."* TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989) (emphasis added); *see Munoz v. State*, 840 S.W.2d 69, 73 (Tex.App.—Corpus Christi 1992, pet. ref'd). In contrast, prior to the 1991 amendment of article 1.13, the code of criminal procedure did not *necessarily* require any personal participation by the defendant in a misdemeanor case. *See Price v. State*, 866 S.W.2d 606, 611 & n. 7 (Tex.Crim. App.1993) (per curiam) (contrasting a felony plea proceeding with a misdemeanor plea proceeding and suggesting that article 1.13 now applies in misdemeanor plea proceedings).

This distinction leads to another one in the wording of articles 27.14(a) and 1.13(a). Article 27.14 states that "the defendant or his counsel *may* waive a jury . . . ." TEX.CODE CRIM. PROC. ANN. art. 27.14(a) (Vernon 1989) (emphasis added). Literally read, article 27.14 does nothing more than designate who may initiate the waiver process on behalf of a defendant—that is, the defendant personally or through counsel. Nothing in the statute says that a defendant's right to waive a jury is a unilateral right or that if a defendant attempts to waive a jury according to the

---

4. The trial judge filed his own response to the State's petition. Because Pittillo is the real party in interest, for case of reference we will attribute

all arguments against the State to Pittillo, although both Pittillo and the trial judge each make arguments the other does not.

provisions of the statute, the attempt will be successful. The second part of article 27.14(a) similarly states, "and the punishment *may* be assessed by the court either upon or without evidence, at the discretion of the court." TEX.CODE CRIM. PROC. ANN. art. 27.14(a) (Vernon 1989) (emphasis added).

By contrast, article 1.13 sets forth the mandatory requirements of how a valid jury waiver is made and is very clear in its language. A jury waiver "*must* be made ... with the consent and approval of ... the attorney representing the State," and that consent and approval "*shall* be in writing," signed, and filed *before the defendant enters his plea.* TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1998) (emphasis added). There is nothing in article 1.13(a) necessarily inconsistent with article 27.14(a) on the issue of the State's consent and approval of a defendant's jury waiver. The State's written, signed, and filed consent is necessary to validate a defendant's jury waiver. Nothing in article 27.14(a) excuses full compliance with the requirements of article 1.13(a).

We thus harmonize the two statutes on the issue before us. This harmonization comports with the history of Texas jurisprudence. Traditionally, the defendant's jury waiver was only a beginning step in the process. In 1910, the Texas Court of Criminal Appeals stated:

> [E]vidence must be introduced before the jury, so that the state and the defendant may be protected in their respective rights, the defendant getting the benefit of any amelioration or extenuation, and the state any aggravating circumstances, that might attend the commission of the offense; and it has been held that [the predecessor] statute is mandatory, and, instead of being merely for the benefit of the defendant, it is more especially designed to protect the interest of the state, by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment.

*Woodall v. State,* 58 Tex.Crim. 513, ——, 126 S.W. 591, 593 (Tex.Crim.App.1910). The Court later elaborated on the process of jury waiver. Earlier statutes:

conditioned effectiveness of the waiver by an accused upon consent and approval by the State and the trial court, thereby guaranteeing a right of trial by jury *to the prosecution* in order to preserve those interests of the State that [the Court] found in *Woodall* ... the earlier law was designed to protect.

*Thornton v. State,* 601 S.W.2d 340, 346 n. 8 (Tex.Crim.App.1980) (op. on mots. for reh'g) (emphasis added); *see also State ex rel. Turner v. McDonald,* 676 S.W.2d 371, 372–73 (Tex.Crim.App.1984).

The object of article 1.13(a) is to set out, with precision, the procedure by which a jury trial may be waived. The object of article 27.14(a) is simpler and entirely different: it is to allow a defendant, under limited circumstances, to appear only through counsel in a misdemeanor case.

■ Article 1.13(a) is clear and unambiguous, and we may not strain its clear meaning. *Smith v. State,* 789 S.W.2d 590, 592 (Tex. Crim.App.1990). Where a statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add to or subtract from such a statute. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). Article 1.13(a) clearly requires the State's consent and approval to validate a defendant's jury waiver. Nothing in article 27.14(a) is to the contrary. After construing article 1.13(a) both independently and in light of article 27.14(a), we conclude the two statutes are not in irreconcilable conflict on the issue of the State's consent and approval, but, rather, can be harmonized to give effect to each on the narrow issue before us in this mandamus proceeding.

### In Pari Materia

■ The rule of *in pari materia* applies when two statutes cover the same general subject matter or persons or have so similar a purpose or object that the statutes should be construed together and harmonized, and in the event of conflict requires the more specific to control. *Cheney v. State,* 755 S.W.2d 123, 127 (Tex.Crim.App.1988). Between characterization of the subject matter with which a statute deals and characteriza-

tion of its object or purpose, the latter appears to be the more important factor in determining whether different statutes are closely enough related to require interpreting one in light of the other. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule. *Ex parte Wilkinson,* 641 S.W.2d 927, 932 (Tex.Crim.App.1982). Although articles 1.13(a) and 27.14(a) deal with the same general subject, jury waiver, that fact alone is not enough to require application of the rule of *in pari materia. See Huynh v. State,* 901 S.W.2d 480, 483 (Tex. Crim.App.1995).

■ The rule of *in pari materia* applies with peculiar force to acts passed at the same session of the legislature, and with even greater force to acts passed at the same time. *Ex parte Harrell,* 542 S.W.2d 169, 172 (Tex.Crim.App.1976). Articles 27.13 and 27.14, including the portion that is now subsection (a), were passed at the same time, during the same session of the legislature, when the code of criminal procedure was originally enacted, effective January 1, 1966. Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, arts. 27.13 & 27.14, 1965 Tex. Gen. Laws 317, 430–31. Since that time neither article has been amended in any way material to the case at bar. *See* TEX.CODE CRIM. PROC. ANN. arts. 27.13–27.14, historical notes (Vernon 1989 & Supp.1998).[5] Therefore, the intent of article 27.14(a) is best determined by reading it as *in pari materia* with article 27.13, not with article 1.13.

■ If two statutes are not found to be *in pari materia,* analysis should still focus on whether the statutes can be harmonized or are in irreconcilable conflict. *Cheney,* 755 S.W.2d at 127. Because a proper analysis of

the issue before us requires us to focus on harmonization or irreconcilability of the statutes whether they are determined to be *in pari materia,* we need not, and do not, decide whether articles 1.13(a) and 27.14(a) are indeed *in pari materia.*

■ Our result would not change, however, even if, as Pittillo contends, the two articles in question were deemed to be *in pari materia.* When two statutes are *in pari materia,* a special statute governs a general one in the event of any conflict. *See Brown v. State,* 716 S.W.2d 939, 949 (Tex.Crim.App. 1986). That principle has been codified in the Texas Government Code:

> If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1988). If two provisions are determined to be *in pari materia* and one is more general and the other more detailed, the latter will prevail. *Huynh,* 901 S.W.2d at 483.

Pittillo argues that article 1.13(a), which applies to all non-death penalty criminal cases, is more general than article 27.14(a), which applies only to misdemeanors. This superficial analysis, however, takes into consideration only the scope of the respective articles; it considers neither the subject matter nor the object of the respective statutes. Although article 27.14(a) applies only to misdemeanors, its contrast with article 27.13, the corresponding statute governing felony cases, demonstrates that the full import of 27.14(a) is only that a misdemeanor defendant may waive a jury and make a plea of

---

5. We acknowledge that article 27.14 was amended in 1967. The code of criminal procedure, as originally enacted, permitted the punishment to be assessed upon or without evidence, "at the discretion of the *defendant."* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 27.14, 1965 Tex. Gen. Laws 317, 430 (emphasis added). At the very next regular legislative session, the quoted phrase was amended to read, "at the discretion of the *court."* Act of June 17, 1967, 60th Leg., R.S., ch. 659, § 18, art. 27.14, 1967 Tex. Gen. Laws 1732, 1738 (emphasis add-

ed). The amendment, however, appears to have been simply in the nature of a typographical correction, restoring language from the predecessor article as it appeared before 1965. *See* TEX.CODE CRIM. PROC.. ANN. art. 27.14, historical note (Vernon 1989). As such, we do not consider the amendment significant. In any case, the amendment would not help Pittillo's argument. To the extent that the amendment removed a decision from the defendant's discretion, the decision cannot be said thereafter to be clearly unilateral.

guilty through counsel, without the defendant personally appearing, whereas a felony defendant must waive a jury and make a plea of guilty in person. *Compare* TEX.CODE CRIM. PROC. ANN. art. 27.14(a) (Vernon 1989) *with* TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989).

Article 1.13(a), however, specifies the exact procedure that must be followed before *any* non-death penalty criminal defendant may validate a jury waiver.[6] Before the defendant enters a plea before the court without a jury, a jury waiver must be made in writing, and the court and the attorney representing the State must give their consent and approval in writing. The court must enter its approval of record on the minutes of the court. The attorney representing the State must sign the State's consent and approval, and it, too, must be filed in the papers of the cause. Article 1.13 is clearly much more specific than article 27.14(a).

■ Article 1.13(a) originally applied to a criminal prosecution for any offense "classified as a felony less than capital." Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 1.13, 1965 Tex. Gen. Laws 317, 321. In 1991, article 1.13(a) was amended, effective September 1, 1991. Act of June 16, 1991, 72nd Leg., R.S., ch. 652, § 1, art. 1.13, 1991 Tex. Gen. Laws 2394, 2394. It now applies to "a criminal prosecution for *any offense* other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty." TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1998) (emphasis added); *see also Carr,* 847 S.W.2d at 562 (1991 amendment made article 1.13(a) applicable to misdemeanors).[7] Article 27.14(a) was not amended at the same time and has not been amended subsequently. *See* TEX.CODE CRIM. PROC. ANN. art. 27.14(a), historical notes (Vernon 1989 & Supp.1998). Even if article 1.13(a) is the more general enactment in all respects, it is the later enactment. The addition of misdemeanors to article 1.13 manifests an intent that it should prevail over 27.14(a) because that addition broadens the scope of article 1.13(a). The legislature is presumed to have been aware of the effect of the amendment. Even if the two statutes were deemed to be *in pari materia,* we conclude that article 1.13(a) controls over article 27.14(a) on the issue of the requirement of the State's consent and approval of a defendant's jury waiver.[8] Without the State's consent and approval, Pittillo's jury waiver is not valid. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1988); *Cheney,* 755 S.W.2d at 126.

### Absurd Results

■ Pittillo next argues that statutes are not to be construed to produce absurd results. We agree with the general proposition that the construction of a statute should not

---

6. We note that article 1.13(a) does not apply to misdemeanor offenses tried in the unique municipal court context. *Huynh,* 901 S.W.2d at 483. Pittillo cites article 45.24 to show that a defendant may waive a jury trial in justice and municipal courts without the consent and approval of the State. TEX.CODE CRIM. PROC. ANN. art. 45.24 (Vernon 1979). We fail to see the relevance of article 45.24 to this case.

7. *Carr* does not state what the defendant's plea was, although the opinion concludes that the respondent judge did not have "the discretion to serve as a factfinder." 847 S.W.2d at 562. From this statement, Pittillo infers that the defendant in *Carr* must have pleaded not guilty, because a plea of guilty would have dispensed with the need of a factfinder, at least in the guilt-innocence phase of trial. We indulge this inference for purposes of this opinion without necessarily agreeing that it is either correct or distinguishing.

8. In only one particular does article 27.14(a) appear to be in irreconcilable conflict with article 1.13(a). Article 1.13(a) states that the defendant's waiver "must be made *in person* by the defendant in writing in open court...." TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp. 1998) (emphasis added). Under article 27.14(a), in a misdemeanor case a jury may be waived and a plea of guilty made either by "the defendant *or his counsel.*" TEX.CODE CRIM. PROC. ANN. art. 27.14(a) (Vernon 1989) (emphasis added). Indeed, in our view, permitting a misdemeanor defendant to take certain action through counsel is the sole purpose of article 27.14(a), and nothing more. It is only in this respect that articles 27.14(a) and 1.13(a) are in conflict. Because Pittillo personally signed a jury waiver and personally appeared, he has complied with that requirement of article 1.13(a). Consequently, that issue is not before us, and we expressly do not decide here which statute would control on that issue.

lead to absurd results. *See Brown v. State,* 943 S.W.2d 35, 36 (Tex.Crim.App.1997). Pittillo reasons that the jury will not be called upon to decide a contested issue of guilt in this case because Pittillo intends to plead guilty. He further reasons that the jury will not assess punishment, by operation of section 2(b) of article 37.07, pointing to its language that, "if a finding of guilty is returned, it shall be the responsibility of the judge to assess the punishment applicable to the offense...." TEX.CODE CRIM. PROC. ANN. art. 37.07, 2(b) (Vernon Supp.1998). Pittillo concludes, therefore, that the jury will be impaneled for no useful purpose. In support of his argument, Pittillo cites *State ex rel. Wade v. Entz,* 711 S.W.2d 309, 310 (Tex.App.—Dallas 1986, orig. proceeding).

In *Entz,* a misdemeanor defendant pleaded not guilty before a jury. After the State rested its case-in-chief in the guilt phase, the defendant changed her plea to nolo contendere. The trial court instructed the jury to return a verdict of guilty, and the jury complied. The trial court later deferred adjudication. After its motion for judgment on the jury's verdict of guilt was denied, the State sought mandamus relief. *Id.* In denying mandamus relief, this Court explained that the trial court had followed the wrong procedure when it accepted the defendant's change of plea to nolo contendere: "At that point, the jury should have been discharged since the trial court was to assess punishment." *Id.* Pittillo argues that the State's interpretation of article 1.13(a) would lead to the absurd result of a jury being selected for no other purpose than to be discharged later when Pittillo pleads guilty and, by operation of section 2(b) of article 37.07, the judge, not the jury, will assess punishment.

Pittillo's reliance on *Entz* is misplaced. *Entz* is not controlling for the following reasons. *Entz* was decided before the 1991 amendment to article 1.13(a) that broadened its application from felonies to "any offense." Further, the issue in *Entz* was whether the trial judge had clearly abused his discretion or violated a duty imposed upon him by law when he deferred adjudication after a defendant had pleaded nolo contendere before a jury, and the jury had, upon instruction by the trial court, found the defendant guilty. The opinion gives no indication whether the one assessing punishment was a contested issue. *See Entz,* 711 S.W.2d 309, *passim.* Here, it is the central contested issue. To the extent the State's motion for judgment on the jury's verdict can be construed to be the refusal of the State to consent to or approve the defendant's jury waiver, *Entz* is distinguishable because at the time it was decided, article 1.13(a) did not apply to misdemeanors. Thus, a misdemeanor defendant had a unilateral right to waive a jury. The State's consent and approval was not required. To read *Entz* as holding that a guilty plea in a misdemeanor case renders a jury entirely unnecessary is to read it too broadly. We decline to do so.

Moreover, because Pittillo's reliance on section 2(b) of article 37.07 is misplaced, his conclusion that the judge will assess punishment is wrong. Pittillo overlooks the fact that article 37.07 applies only to pleas of not guilty before a jury. In relevant part, section 2(b) of article 37.07 provides that a judge assesses punishment *"if a finding of guilty is returned"* (emphasis added). TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp.1998). Because "the issue of guilt is not submitted to a jury when a defendant has pleaded guilty before it, a jury does not return a verdict of guilt in such a situation." *Brinson v. State,* 570 S.W.2d 937, 939 (Tex. Crim.App. [Panel Op.] 1978) (emphasis omitted). Section 2(b) of article 37.07 does not apply when, as here, a defendant pleads guilty before a jury in a unitary proceeding on punishment. *See Morales v. State,* 416 S.W.2d 403, 405 (Tex.Crim.App.1967).

Historically, although pleas of guilty were permitted in criminal cases, they were regarded as nothing more than an acknowledgment of the facts charged, and whether those facts constituted an offense was to be decided by the trial court. If the facts did constitute an offense, the law still required that a jury assess the punishment. *McDonald,* 676 S.W.2d at 372. This requirement is longstanding in Texas jurisprudence:

Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed

by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon.

*Woodall,* 58 Tex.Crim. at 516, 126 S.W. at 593; *cf.* TEX.CODE CRIM. PROC. ANN. art. 26.14 (Vernon 1989) (requiring substantially the same now in a felony case).

With the amendment of article 1.13(a) to apply to "any offense," we conclude the legislature intended it to apply to misdemeanor cases in which a defendant pleads guilty. Therefore, the jury waiver procedure for both felonies and misdemeanors is now the same. Without the State's consent and approval of a defendant's jury waiver, whether the defendant's plea is guilty or not guilty, the case is tried to a jury. When a defendant pleads not guilty before the jury, the proceeding is bifurcated. In such a case, article 37.07, section 2(b), applies. When a defendant pleads guilty before the jury, the proceeding is unitary. The jury's function is to assess punishment. Article 37.07, section 2(b), does not apply. Indeed, having a jury rather than the court assess punishment, in some cases, can inure to a defendant's benefit, as we have recognized. *See Rojo v. State,* 629 S.W.2d 88, 91 (Tex.App.—Dallas 1981, no pet.) (jury may assess probation with a deadly weapon finding although the court may not). The jury, after all, is in a unique position to determine "the interest of the community." *Id.*

## Constitutional Issues

We now address Pittillo's two State constitutional arguments. Pittillo argues that to interpret the statutes in question as the State suggests violates both his right to due course of law and the separation of powers provision of the Texas Constitution.

### a. Due Course of Law

■ Pittillo argues that requiring the State's approval of a jury waiver when a misdemeanor defendant pleads guilty violates his right to due course of law in the following way: if the State may withhold consent to a defendant's jury waiver, it can discourage defendants from seeking assessment of punishment without evidence, under article 27.14(a), and thus can deter them from seeking deferred adjudication.

The court of criminal appeals, however, has held that there is no violation of the due process or due course of law provisions of the federal or state constitutions in applying the provisions of article 1.13, requiring State consent to waiver of a jury in a felony case. *McDonald,* 676 S.W.2d at 374 (quoting *Singer v. United States,* 380 U.S. 24, 36, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965)). The right to waive a jury is not a constitutional right. It is a statutory right, and it is not absolute; instead, it is subject to the procedural conditions provided in article 1.13(a). *McDonald,* 676 S.W.2d at 373.

If a felony defendant who is prevented from validly waiving a jury because the State refuses to consent to his jury waiver persists in pleading guilty or nolo contendere and the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable it to decide thereupon. *See* TEX.CODE CRIM. PROC. ANN. art. 26.14 (Vernon 1989). We fail to see how one charged with a misdemeanor may have greater constitutional rights than one charged with a felony. Pittillo's state constitutional due course of law argument is without merit.

### b. Separation of Powers

■ Pittillo's separation of powers argument is that the State's ability to withhold consent to a jury waiver usurps the constitutionally assigned and legislatively delegated role of the trial courts because the power to defer adjudication rests solely within the discretion of the trial court. *See* TEX. CONST. art. II, § 1; *Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App.1983). From this simple premise, Pittillo concludes that the State's ability to prevent a defendant from seeking deferred adjudication is an impermissible encroachment by the executive branch upon the powers of the judicial branch. Yet, as *Reed* explains, the availability of deferred adjudication to one pleading guilty "reflects both a desire to conserve scarce judicial *and prosecutorial* resources and the practical knowl-

edge that [the option of deferred adjudication] will very often be utilized as part of a plea-bargain arrangement." *Id.* (emphasis added). The decision to conserve prosecutorial resources by consenting to a jury waiver is clearly one for the prosecutor to make. Because the jury waiver process is bilateral under article 1.13(a), the State has a statutory right to withhold consent as part of its arsenal in negotiating a plea bargain. Nor is this statutory right unconstitutional, because the Texas Constitution expressly grants the legislature ultimate authority over judicial administration. *See State v. Williams*, 938 S.W.2d 456, 459 (Tex.Crim.App.1997) (citing TEX. CONST. art. V, § 31(a)).

The core of judicial power, as conferred by the constitution, includes: "the power to (1) hear evidence; (2) decide issues of fact raised by the pleadings; (3) decide relevant questions of law; (4) enter a final judgment on the facts and the law; and (5) execute the final judgment or sentence." *Williams*, 938 S.W.2d at 458–59. The decision to defer adjudication is a purely administrative one; indeed, deferring adjudication is abstaining, at least temporarily, perhaps forever, from the exercise of the constitutional core power to enter a final judgment. It is essentially a device to control the docket and enhance court efficiency. We conclude that interpreting article 1.13(a) to require the State's consent and approval of a defendant's jury waiver when a misdemeanor defendant pleads guilty does not violate the separation of powers provisions of article two, section one of the Texas Constitution.

### Conclusion

We conclude that article 1.13(a) requires the State's written, signed, and filed approval and consent to validate a defendant's jury waiver, even in a misdemeanor case in which the defendant pleads guilty. Under article 1.13(a), the jury waiver process is bilateral, not unilateral. Nothing in article 27.14(a) is to the contrary.

▇▇▇ The penultimate issue before us is whether a defendant in a misdemeanor case may unilaterally waive a jury and plead guilty before the court without the State's consent and approval. On that issue, we

hold that under article 1.13(a), a misdemeanor defendant may not. Without the State's consent and approval, a defendant may not validly waive a jury, even in a misdemeanor case when the defendant pleads guilty.

The ultimate issue before us is whether the trial judge violated a ministerial duty imposed upon him by law by holding to the contrary and refusing the State's request for a jury trial. On that issue, we conclude the trial judge had a ministerial duty to impanel a jury. By failing to do so, he violated a ministerial duty imposed upon him by law.

▇▇▇ A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). We have concluded that, by denying the State's request for a jury trial, the trial judge violated a duty imposed upon him by law.

We now determine whether there is an adequate remedy by law or whether mandamus relief is appropriate. The Texas Court of Criminal Appeals has conditionally granted mandamus relief under circumstances similar to those presented here, that is, when a trial judge fails to perform the ministerial duty of impaneling a jury when the State does not consent to and approve of a defendant's jury waiver. *See Carr*, 847 S.W.2d at 562. Following that court's example, we conclude mandamus relief is appropriate.

We conditionally grant the State's petition for writ of mandamus. The trial judge is directed to vacate his October 30, 1997 order denying the State's request for trial by jury and is further directed to set the underlying cause for the jury docket. We are confident that the trial judge will comply, and a writ of mandamus will issue only if he fails to do so.