NUMBER 13-99-349-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ANGEL CANTU, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 148th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 On May 28, 1998, appellant, Angel Cantu, Jr., was discovered in
a parked van in Corpus Christi with a 13-year-old boy. Both were
partially undressed. Upon questioning by police officers, the victim
stated that appellant had performed oral sex on him, and that he had
done so on two prior occasions. Appellant was arrested and charged
with aggravated sexual assault of a child. After his arrest, appellant
gave a statement in which he confessed to the crime.

 Appellant's case came to trial on March 17, 1999, and a jury was
impaneled that day. The next morning, appellant pleaded guilty to the
offense of aggravated sexual assault of a child, and the punishment
phase of the trial began. The evidence showed that appellant was
previously the victim's fifth-grade teacher. He had "counseled" the boy,
and knew the boy had been the victim of a prior sexual assault. Before
appellant became an elementary school teacher, he was employed as
a Child Protective Services caseworker. The jury assessed appellant's
punishment at 25 years imprisonment. This appeal ensued.

 By a single issue, appellant contends he was denied due process
when the trial court failed to follow the procedure outlined by article
26.14 of the code of criminal procedure. We affirm.

 Article 26.14 of the code of criminal procedure provides:

 When a defendant in a case of felony persists in
pleading guilty or in entering a plea of nolo contendere, if the
punishment is not absolutely fixed by law, a jury shall be
impaneled to assess the punishment and evidence may be
heard to enable them to decide thereupon, unless the
defendant in accordance with Articles 1.13 or 37.07 shall
have waived his right to trial by jury.


Tex. Code Crim. Proc. Ann. art. 26.14 (Vernon 1989).

 Appellant contends he wanted to plead guilty before the jury was
impaneled, so that the only issue before the jury would be punishment,
but he was "not allowed" to do so. Instead, the jury was impaneled for
the guilt/innocence phase of the trial, and appellant's guilty plea was
taken the next morning. Appellant complains this was in contravention
of article 26.14. He argues that impaneling the jury for the
guilt/innocence phase of the trial, instead of the punishment phase,
prejudiced his right to a fair trial.

 Although appellant claims he wanted to plead guilty before the
jury was impaneled, he made no objection to the procedure followed by
the trial court, and has, therefore, not preserved his complaint for
appellate review. See Tex. R. App. P. 33.1(a) (to preserve an issue for
appeal, record must show that complaint was made to trial court by a
timely request, objection, or motion stating the grounds for the ruling
being sought with sufficient specificity to make the trial court aware of
the complaint, and that the trial court ruled or refused to rule on the
request, objection or motion). While it is true that certain types of
fundamental error need not be preserved to be heard on appeal,
appellant has neither argued nor briefed the application of this
exception. See, e.g., Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim.
App. 1993) (holding that a defendant's rights arise from rules falling
into three categories: (1) absolute requirements and prohibitions; (2)
rights of litigants which must be implemented unless expressly waived;
and (3) rights of litigants which are implemented only upon request; a
defendant may generally complain on appeal of a denial of rights falling
in the first two categories without preserving error, but rights in the
third category are waived unless preserved by a timely motion or
objection). 

 In addition, appellant has cited no case law supporting his
interpretation of article 26.14, and we can find none. Once a defendant
enters a guilty plea, either to the trial court or to the jury, the proceeding
in the trial court becomes a unitary rather than a bifurcated proceeding. 
Carroll v. State, 975 S.W.2d 630, 631-32, 632 n. 1 (Tex. Crim. App.
1998); Williams v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984);
Ricondo v. State, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982)(op. on
reh'g); Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972). 
Because a guilty plea admits the existence of all facts necessary to
establish the defendant's guilt, the duty of the fact finder is to assess
punishment. Carroll, 975 S.W.2d at 632; In re State ex rel. O'Connell,
976 S.W.2d 902, 910 (Tex. App.--Dallas 1998, orig. proceeding).

 We have found no law, either case law or statutory law,
supporting the notion that the defendant has an absolute right to enter
his guilty plea before impaneling a jury for the punishment phase. 
Appellant's sole issue is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.