

**NUMBER 13-15-00339-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE THE STATE OF TEXAS EX REL. STEPHEN B. TYLER**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes[1]**

By petition for writ of mandamus, relator, the State of Texas ex rel. Stephen B. Tyler, contends that the trial court erred in convening a sentencing hearing before the bench because the State had not waived its right to a jury trial. We agree with the State and conditionally grant mandamus relief in this case and in three companion cases decided this same date. *See In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00316-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

(mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00317-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding) (mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00323-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding) (mem. op., not designated for publication).

## I. BACKGROUND

The real party in interest, Kyle Thomas Perkins, was charged by information in trial court cause number 2-103790 with the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.). On July 13, 2015, the case was called for trial by the respondent, the Honorable Kemper Stephen Williams, Judge of the 135th District Court of Victoria County, Texas. That day Perkins pleaded guilty.[2] The prosecutor representing the State, Tim Poynter, did not sign a waiver of a jury trial and objected to proceeding with sentencing without a jury. The respondent overruled the State's objection, characterizing a jury trial in this matter as a "sham trial" and a "waste of judicial resources." The respondent then accepted Perkins's plea of guilty and proceeded with sentencing. The respondent sentenced Perkins to 180 days in the Victoria County jail but suspended that sentence for twelve months. The respondent also ordered Perkins to pay a fine of $750 and court costs, ordered Perkins to complete 100 hours of community service restitution, suspended Perkins's license for 90 days, and required Perkins to install an ignition interlock device on his motor vehicle.

---

[2] Perkins's case was pending in the County Court at Law Number Two of Victoria County, Texas. According to Perkins's response to the petition for writ of mandamus, Judge Williams was sitting as a judge of the County Court at Law in order to assist in presiding over the misdemeanor driving while intoxicated cases scheduled on the county court trial docket.

2

This original proceeding ensued. By one issue, the State contends that the trial court erred in convening a sentencing hearing before the court when the State had not signed a written waiver of its right to trial before a jury. The State requests that we grant the petition and order the respondent to vacate the judgment and sentence issued on July 13, 2015 and empanel a jury to hear the case.

On August 7, 2015, the respondent filed "Findings of Fact and Conclusions of Law and Response to Application for Writ of Mandamus" which provides:

> On the 13th day of July, 2015, this Court, prior to the [empaneling] of a jury for trial of this cause, and after duly admonishing the Defendant, accepted the Defendant's waiver of jury and plea of guilty to the offense of driving while intoxicated as alleged in the information. The State objected to the waiver. The objection was overruled and the court found and so stated in the record that [article 1.13 of the Texas Code of Criminal Procedure] did not control such a situation in a misdemeanor case, holding instead that [article 27.14] controls. The Court found the Defendant guilty of said offense and proceeded forward with a hearing before the Court for the Court to consider punishment of the Defendant. A final Judgment and Sentence was signed and entered on July 13, 2015.

### FINDINGS OF FACT

1. The Criminal District Attorney maintains an office policy wherein all misdemeanor driving while intoxicated offenses are to be tried before a jury.

2. The State did not consent to the Defendant's plea of guilty to that alleged offense of driving while intoxicated in this cause.

3. This Court currently has 108 cases set for jury trial, of which 75 cases are alleged as driving while intoxicated offenses. These trial settings go through March 2016. Of these 75 cases, 23 defendants are represented by court appointed counsel. The trial docket is so crowded that District Judges (including the undersigned) are assisting with this Court's jury trials.

4. Similarly situated, County Court at Law #1, which is the only other County Court at Law in Victoria County, has 117 cases set for jury trial of which 77 cases are alleged driving while intoxicated offenses. Of these 77 cases, 24 defendants have court appointed counsel.

3

Between both courts, there are currently 152 driving while intoxicated cases set for trial.

5. The trial of all misdemeanor driving while intoxicated offenses to a jury represents a substantial and unjustifiable expense to the taxpayers of Victoria County.

6. In four cases alone tried before this Court earlier this year, the cost exceeded $10,000. This cost included fees for court appointed attorneys, and fees for interpreters in two of the cases. This amount did not include the cost of the services of the jury or take into account their time in these cases. The usual costs for such cases, if resolved by a plea of guilty or nolo [contendere] to the Court, would have been $200 for each case. The fees for the interpreters probably would have been less than $200. Approximating the usual cost at $1,000 for the four cases, the costs of these cases with the jury trials were ten (10) times the amount for which they could have been resolved. After trial, all four of these Defendants indicated that they would have entered a plea of guilty if allowed to do so by the State.

7. The trial of this case before a jury to determine guilt of the Defendant would have been under false pretenses and nothing more than a sham and a display of pageantry by the State to confirm what the Defendant was already willing to admit—a plea of guilty.

8. The results of the State unreasonably withholding consent to the Defendant's plea of guilty in this case and other cases is to "wreck" the trial court's docket by piling up cases for trial, and to interfere with the orderly administration of justice.

9. Another result is that the State is able to deprive Defendants of the right to a speedy trial and related rights guaranteed under the Constitutions of the United States and the State of Texas, including the right to plead guilty to the alleged offense. For example, this Defendant was arrested on April 14, 2014. Because of the State's "policy" a scheduling order was entered on October 29, 2014 setting the case for trial on May 4, 2015. The State then filed a motion for continuance and the case was re-set for July 13, 2015, some 15 months after Defendant's arrest.

10. The most unexplainable and perplexing result is the State is seeking a reversal of the finding of guilt for the very offense for which they seek to prosecute and prove against the Defendant. This result makes no plausible sense.

4

## CONCLUSIONS OF LAW

1. Article 27.14(a) of the Texas Code of Criminal Procedure states as follows: "A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court." [TEX. CODE CRIM. PROC. ANN. art. 27.14 (a) (West, Westlaw through 2015 R.S.)]. This is the Court's authority to allow Defendant to waive a jury (without consent of the State) and proceed with punishment to be assessed by the Court.

2. Article 1.13(a) [TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West, Westlaw through 2015 R.S.)] cited by the State requiring the consent of the attorney representing the State to the Defendant's plea of guilty is in direct conflict with Article 27.14(a) stated above and does not apply to misdemeanor offenses. Article 1.13(a) states in the pertinent part that ". . . to waive the right of trial by jury . . . the waiver must be made in person by the defendant in writing in open court . . . ." (underline added for emphasis). Article 27.14(a) states in the pertinent part that ". . . the defendant or his counsel may waive a jury . . . ." (underline added for emphasis). These statutes are in direct and clear conflict since Article 27.14(a) indicates that the waiver may be made by counsel in a misdemeanor case, and Article 1.13(a) requires such waiver to be made in person.

3. This Court construed the more detailed statute being Article 27.14(a) to be the controlling statute since it specifically indicates that it applies to misdemeanor cases. [TEX. GOV'T CODE ANN. § 311.026(b) (West, Westlaw through 2015 R.S.)]. Furthermore, nothing in the legislative history of Article 1.13(a) indicates that it was applicable to misdemeanor offenses. *State of Texas ex. rel. Tim Curry*, 847 S.W.2d 561, 566 (Tex. Crim. App. 1992). To construe the statutes otherwise would render Article 27.14(a) entitled "Plea of Guilty or Nolo [Contendere] in Misdemeanor" to be meaningless.

4. If the Defendant pled "not guilty" and after a jury trial on guilt was found by a jury to be guilty, the Defendant had the right to go to the Court for punishment. Whether the Court moved forward on a plea of "guilty" or "not guilty", the State winds up in the same place of being able to present evidence on punishment to the Court. [TEX. CODE CRIM. PROC. ANN. art. 37.072(b) (West, Westlaw through 2015 R.S.)]. There is no harm to the State.

5

5. Statutes are not to be construed to produce absurd results. The absurd result is that the Court would have a jury empaneled for no useful purpose. [*In re State ex. rel. O'Connell*, 976 S.W.2d 902, 909 (Tex. App.—Dallas 1998, orig. proceeding) (citing *Brown v. State*, 943 S.W.2d 35, 36 (Tex. Crim. App. 1997))]. The issue of guilt has already been determined by the Defendant's plea of guilty.

6. The State does not have a "Constitutional Right" as argued to a jury trial. The State did not cite any Constitutional basis for such a right, and the Court finds no references for any such basis. The Constitution of the United States and the State of Texas are to protect individuals from the overreaching of the government such as in this case presently before the Court.

7. Judicial economy and a responsible use of resources are compelling reasons for this Court to accept Defendant's plea of guilty and to be able to effectively control its docket. The control of the business of the Court is vested in the sound discretion of the trial judge. *Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim. App. 1994).

8. As to the mandamus, the relator must show that what he seeks to compel is a ministerial act, not invoking a discretionary or judicial decision. If the relator fails to satisfy this requirement, the relief should be denied. Relator must show he has a clear right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. [*In re State ex rel. Young v. Sixth Ct. of Apps.*, 236 S.W.3d 207 (Tex. Crim. App. 2007)(orig. proceeding)]. Here, as set out above, the law is actually settled against Relator's position. Art. 27.14 is the more specific statute and pertains to waivers of [a] jury in a misdemeanor case.

9. This Court respectfully requests that the Petition for Writ of Mandamus be denied and that Relator be sanctioned under [Texas Rule of Appellate Procedure 52.11] because the petition is clearly groundless.

On August 13, 2015, the State filed objections to the trial court's findings of fact and conclusions of law. The State's objections are voluminous and include the assertion that the trial court's findings and conclusions lack support in the record and are irrelevant to the issues at hand. The State supported its objections with data from the Texas Office of Court Administration which it alleges "shows a very different situation in Victoria County

6

than what the trial court describes in its findings of fact and helps to refute any suggestion that the Victoria County courts are currently suffering from any kind of backlog of misdemeanor cases."[3]

Perkins filed a response to the petition for writ of mandamus on August 26, 2015. By his response, Perkins argues that mandamus relief should be denied because: (1) Texas statutes expressly delineate separate and distinct procedures regarding a misdemeanor plea and a felony guilty plea; (2) an examination of legislative intent indicates that article 1.13 was not intended to address a misdemeanor defendant's waiver of jury trial; and (3) case law does not support the State's contention of error.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct.*

---

[3] It is axiomatic that an appellate court reviews the actions of the trial court based on the record before the court at the time it makes its ruling. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding) (concluding that where evidence and rule changes were not presented to the trial court, they did "not form a basis for us to find that the trial court abused its discretion in this mandamus proceeding"); *Sabine OffShore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (holding that in an original proceeding, the appellate court may not consider evidence that was not part of the record before the trial court except to decide its own jurisdiction); *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) ("We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding."). Accordingly, we do not consider the data from the Office of Court Administration in determining whether the trial court abused its discretion in this case.

7

*of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding).  The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision.  *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought.  *In re State ex rel. Weeks*, 391 S.W.3d at 122.  A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."  *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

In criminal proceedings, the State has a limited right to appeal, which does not include the right to appeal the trial court's decision to waive a jury trial without the State's consent.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West, Westlaw through 2015 R.S.) (listing the orders that the State is entitled to appeal in criminal cases); *State v. Redus*, 445 S.W.3d 151, 153 (Tex. Crim. App. 2014) (examining the State's statutory right to appeal in criminal cases).  Therefore, if the State challenges a defendant's jury waiver and contends that the Court failed to perform the ministerial duty of impaneling a jury, mandamus is the proper vehicle with which to seek relief.  *In re State ex rel. Tharp*, 393 S.W.3d 751, 752 (Tex. Crim. App. 2012) (orig. proceeding); *State ex. rel. Turner v. McDonald*, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984) (orig. proceeding) (en banc); *State ex. rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992) (orig. proceeding) (en banc) (per curiam); *see also In re Roach*, No. 05-09-01451-CV, 2010 WL 537751, at *1 (Tex. App.—Dallas Feb. 17, 2010, orig. proceeding) (mem. op.) (conditionally granting mandamus relief when the trial court allowed the defendant to

8

plead guilty and waive a jury trial without the State's consent). Accordingly, we proceed with our review regarding the merits of this original proceeding.

### III. APPLICABLE LAW

By one issue, the State contends that the respondent committed error when he convened a sentencing hearing before the trial court when the State had not signed a written waiver of its right to trial before a jury. Perkins and the respondent assert that Perkins does not need the State's consent to plead guilty, waive a jury, and have the respondent perform sentencing.

The issue before us is whether a defendant in a misdemeanor case may unilaterally waive a jury and plead guilty before the trial court without the State's consent and approval. The Dallas Court of Appeals and other courts have concluded that under article 1.13(a), a misdemeanor defendant may not waive a jury without the State's consent and approval, even when the defendant pleads guilty. *See In re State ex rel. O'Connell*, 976 S.W.2d at 905; *State v. Fisher*, 212 S.W.3d 378, 381 (Tex. App.—Austin 2006, pet. ref'd) (holding that the trial court lacked authority to adjudicate the defendant's guilt in a misdemeanor case because State did not agree to the defendant's jury waiver); *see also In re Escamilla*, No. 03-12-00341-CV, 2012 WL 2989170, at *1 (Tex. App.—Austin Jul. 10, 2012, orig. proceeding) (mem. op.) (conditionally granting mandamus relief in favor of the district attorney where the trial court erred in proceeding to accept a guilty plea in a bench trial without the State's consent to a jury waiver); *In re Watkins*, No. 05-11-01067-CV, 2011 WL 3570520, at *1 (Tex. App.—Dallas Aug. 16, 2011, orig. proceeding) (concluding that the trial court erred in acting as the fact-finder in a driving while intoxicated case when the State did not consent to a jury waiver, but denying

9

mandamus relief on grounds that the State had the right to appeal the defendant's order of acquittal); *McCutchen v. State*, No. 04-09-00350-CR, 2010 WL 3699987, at *6 (Tex. App.—San Antonio Sept. 22, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding that the trial court did not err in allowing the State to refuse to waive a jury trial where the appellant argued that the State was insisting on a jury trial for an "ignoble and unreasonable purpose"); *cf. In re Watkins*, 390 S.W.3d 583, 584 (Tex. App.—Dallas 2012, orig. proceeding) ("The Texas Code of Criminal Procedure . . . clearly states that a defendant can only waive his right to a trial by jury if the State consents and approves.").

In a case similar to the one before this Court, the Texas Court of Criminal Appeals considered an original proceeding brought by the District Attorney of Tarrant County seeking a writ of mandamus directing the trial court to empanel a jury and to prohibit the entry of a judgment. *State ex rel. Curry*, 847 S.W.2d at 561. The defendant in that case stated that she wished to waive a trial by jury. *Id.* Relying on article 1.13, the State refused to consent to the defendant's jury waiver. *Id.* The trial court denied the State's request that the matter be set for a jury trial. *Id.* at 561–62. The court of criminal appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by [article 1.13(a)] to the accused's waiver of [a] jury trial." *Id.* at 562. Specifically, the court held that under the circumstances presented, the trial court had a "ministerial duty to conduct a jury trial." *Id.* In so holding, the court of criminal appeals relied on its previous analysis in *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, in which it held that a district court did not have the discretion to serve as a factfinder in a felony case absent the State's consent to the defendant's jury waiver. *Id.* at 374; *see also In re State ex rel.*

10

*Tharp*, 393 S.W.3d at 752 (conditionally granting mandamus relief in favor of the State requiring the trial court "to submit the entire case—both guilt and punishment—to the jury after the defendant plead guilty" to a felony offense); *In re Roach*, 2010 WL 537751, at **2–3 (conditionally granting mandamus relief in favor of the district attorney in a felony case where the trial court erred by accepting a guilty plea when the State did not consent to the waiver of a jury trial).

Accordingly, the trial court has a ministerial duty to empanel a jury when the State refuses to consent to the defendant's jury waiver. In such a case, where the defendant pleads guilty and the trial court accepts the plea, but the jury has not or cannot be waived, the proper procedure is for the trial court to direct a verdict of guilt and proceed with punishment. *Morin v. State*, 682 S.W.2d 265, 269 (Tex. Crim. App. 1983); *see also In re State ex rel. Tharp*, 393 S.W.3d at 758–59 (stating that when the defendant pleads guilty and the State refuses to join the defendant's waiver of a jury trial, the trial court must submit all relevant issues, including punishment, to the jury).

## IV. CONFLICTING STATUTORY PROVISIONS

Both Perkins and the respondent contend that the rules of statutory interpretation indicate that the State need not consent to a defendant's waiver of a jury trial in cases involving misdemeanor pleas. For instance, Perkins contends that the Texas Code of Criminal Procedure expressly delineates separate and distinct procedures regarding felony and misdemeanor guilty pleas. *See* TEX. CODE CRIM. PROC. ANN. art. 27.13 (requiring that pleas of guilty or nolo contendere in felony cases to be "made in open court by the defendant in person"); *Id.* art. 27.14 (allowing pleas of guilty or nolo contendere in misdemeanor cases to be "made either by the defendant or his counsel in open court"

11

and "the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence"). According to Perkins, article 27.13 incorporates the provisions of 1.13 by reference, but article 27.14 does not, therefore, article 1.13 should not be held to apply to misdemeanors. The respondent contends that articles 27.14 and 1.13 of the Texas Code of Criminal Procedure are in direct conflict, that article 27.14 is narrower in scope than article 1.13, and thus article 27.14 controls our analysis of the situation before the Court.

The analysis in this case concerns the interaction between article 1.13, entitled "waiver of trial by jury," and article 27.14, entitled "plea of guilty or nolo contendere in misdemeanor." Article 1.13 provides in relevant part:

(a)     The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19,[4] the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

. . . .

(c)     A defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

---

[4] Article 27.19 of the Texas Code of Criminal Procedure provides the requirements for accepting pleas from persons confined in a penal institution. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19 (West, Westlaw through 2015 R.S.).

12

TEX. CODE CRIM. PROC. ANN. art. 1.13. Thus, a defendant in *any* case other than a capital felony case involving the death penalty can waive a trial by jury if the waiver is made with the "consent and approval of the court, and the attorney representing the state." *Id.* art. 1.13(a) (emphasis added); *see, e.g., Ex parte Garza*, 337 S.W.3d 903, 912 (Tex. Crim. App. 2011) (holding that a trial court erred in declaring a mistrial in a misdemeanor case over the defendant's objection when "the defendant waives his right to trial by a complete jury under Article 1.14, and the State and the trial court are willing to consent to do so under Article 1.13(a)"). By its terms, article 1.13 applies to misdemeanor cases. TEX. CODE CRIM. PROC. ANN. art. 1.13(a). In contrast, article 27.14, which concerns pleas of guilty or nolo contendere in misdemeanor cases, provides in section (a) that:

> A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.

TEX. CODE CRIM. PROC. ANN. art. 27.14.

When interpreting statutes, a court must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Garcia v. State*, 387 S.W.3d 20, 22–23 (Tex. Crim. App. 2012) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991)). Toward that end, a court must focus its "attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Boykin*, 818 S.W.2d at 785. However, when the application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous, a court may consider extra-textual factors such as the legislative history of the statute. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818

S.W.2d at 785–86. In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). Except under unusual circumstances, it is best to effectuate the legislative intent evidenced by the plain language of statutes. *Garcia v. State*, 829 S.W.2d 796, 799–800 (Tex. Crim. App. 1992); *Camacho v. State*, 765 S.W.2d 431, 433 (Tex. Crim. App. 1989); *see also Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). Otherwise, courts risk invading the legislature's province by reading into the law that which is clearly not there. *Ex Parte Halsted*, 182 S.W.2d 479, 482 (Tex. Crim. App. 1944).

It is our duty to harmonize all of the statutory provisions and give full effect to each if it is possible to do so under the established rules of statutory construction. *Postell v. State*, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985) (en banc); *Cuellar v. State*, 521 S.W.2d 277, 279 (Tex. Crim. App. 1975). Focusing on the literal text of article 26.14 and article 1.13, article 26.14 governs pleas of guilty or nolo contendere in misdemeanor cases and article 1.13 governs the waiver of jury trials. Construing the articles together, and including article 27.13 in our purview, we see no conflict between these articles. Article 1.13(a) sets out the specific and required procedure for waiving a jury trial and clearly requires the State's consent and approval to validate a defendant's jury waiver in all cases except for capital felony cases involving the death penalty. Nothing in article 27.14(a) is to the contrary. Article 27.14 is not rendered meaningless by this interpretation because it instead delineates the procedure for making pleas of guilty or nolo contendere

14

in misdemeanor cases and allows such pleas to be made by either "the defendant or his counsel."

Moreover, as acknowledged by the parties, the Dallas Court of Appeals has considered this same argument and rejected it. *In re State ex rel. O'Connell*, 976 S.W.2d 902. In a thorough and lengthy analysis, the court considered the plain language of these two articles, parsed the words and phrases therein, analyzed these articles' interaction with article 27.13, reviewed the history of Texas jurisprudence regarding jury waivers, and contemplated the application of the rule of *in pari materia*. *See id*. at 905–08. The Dallas Court of Appeals concluded that articles 1.13 and 27.14 did not conflict and article 1.13 requires the State's consent to a defendant's jury waiver in a misdemeanor case. *See id.*

Based upon our analysis, we agree with the Dallas Court of Appeals and conclude that the code of criminal procedure provisions can be harmonized, and we reject arguments otherwise. *See id.*

## V. LEGISLATIVE INTENT

Perkins argues that "an examination of legislative intent indicates that Article 1.13 was not intended to delineate procedures regarding a misdemeanor defendant's waiver of jury trial." As an initial matter, we note that we do not typically resort to extra-textual factors such as legislative history unless application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818 S.W.2d at 785–86. Accordingly, our holding in this case is not dependent on the legislative history of article 1.13. However, even if we were to consider the legislative history of article 1.13 in analyzing its application to

15

misdemeanor offenses, we would conclude that the legislative history does not indicate that article 1.13 applies only to felony pleas.

Article 1.13 was amended in 1991. *See* Act of May 27, 1991 (H.B.9), 72nd Leg. R.S., ch. 652, 1991 TEX. GEN. LAWS 2394. The caption to House Bill 9 reads: "[a]n act relating to the waiver of jury trial for a person charged with a capital offense and to the punishment, sentencing and availability of parole for a person convicted of a capital offense." *Id.* An examination of House Bill 9 shows thirteen amendments to the Texas Penal Code and Texas Code of Criminal Procedure, all concerning capital felony prosecutions, and section 15(a) of House Bill 9 states that the amendments to articles 1.13 apply "to the trial of a capital offense that commences on or after the effective date of the act." *Id.* Perkins thus urges that the history of the amendments to 1.13 indicates that it was not intended to apply to any cases other than capital felonies.

As stated previously, in 1992, the Texas Court of Criminal Appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art. 1.13(a), supra, to the accused's waiver of jury trial," and instead "has a ministerial duty to conduct a jury trial." *State ex rel. Curry*, 847 S.W.2d at 562. The court so held despite a sharp and thorough dissenting opinion reviewing the legislative history of article 1.13 and the rules of statutory construction. *See id.* at 562–63 (Miller, J., dissenting) ("My research reveals that the legislature never intended to give the State the power to force a jury trial in a misdemeanor case when it amended Article 1.13(a)."). Accordingly, we conclude that the legislative history of article 1.13 does not indicate that misdemeanor offenses were intended to be excluded from the scope of that article. *See id.; Chaouachi v. State*,

16

870 S.W.2d 88, 93 (Tex. App.—San Antonio 1993, no pet.) (analyzing the dissent in *State ex rel. Curry v. Carr* and determining that the legislative history of article 1.13 did not indicate that it was intended to apply only to felony offenses).

## VI. CONSTITUTIONAL RIGHTS

The respondent contends that the State has no constitutional right to a jury trial. We agree. The State "technically" has no "right" to trial by jury, and due process and due course of law are guarantees applicable to citizens and not governments or their agents. *State ex rel. Turner*, 676 S.W.2d at 373–74. To the extent that the respondent contends that forcing individuals to a jury trial infringes on their constitutional rights, this issue has been determined as a question of federal constitutional law in *Singer v. United States*, 380 U.S. 24 (1965). The court there reasoned:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bold proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Id.* at 36. Quoting and following *Singer*, our highest criminal court in Texas has concluded that article 1.13 is not unconstitutional on grounds that it grants the State a "right" to a jury trial. *See State ex rel. Turner*, 676 S.W.2d at 374. Specifically, there is no violation of the due process or due course of law provisions of the federal or state constitutions in applying the provisions of article 1.13 to require the State's consent to a jury waiver. *See*

17

*id.* Accordingly, there is no constitutional impediment to conditioning a defendant's ability to waive trial by jury on the State's consent. *See id.*

## VII. Sham and Fraud

The respondent contends that requiring the State's consent to a jury waiver results in requiring a jury to be empaneled "for no useful purpose" because the issue of guilt has already been determined by Perkins's guilty plea. The respondent also argues that there is no harm to the State in proceeding with sentencing before the bench because the "State winds up in the same place of being able to present evidence on punishment to the Court." Thus, the respondent argues that these proceedings are nothing more than a "sham" and a "display of pageantry by the State."

However, as recognized by our court of criminal appeals, "the State has legitimate interests, representing the collective citizenry as it does, in the method of trial of criminal accusations." *State ex rel. Turner*, 676 S.W.2d at 373–74. In short, the State has determined that the matter of punishment in this case should be presented to the jury rather than to the bench. Under existing law, the State can compel a jury trial by withholding consent and approval upon the belief that justice is done by requiring the accused to be tried by a fair and impartial jury of his peers. *See id.*; *Watson v. State*, 730 S.W.2d 150, 152 (Tex. App.—Amarillo 1987, pet. ref'd).

## VIII. Trial Court's Discretionary Control of its Docket

The respondent contends that judicial economy and a responsible use of resources are compelling reasons to accept Perkins's guilty plea in order to "effectively control its docket." Perkins similarly argues that the respondent has discretion and a "ministerial duty to exert effective control of the Victoria County Court's dockets."

18

We agree that the control of the business of the court is vested in the sound discretion of the trial judge. *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (en banc); *see Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994). Specifically, "the trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court." *Taylor v. State*, 255 S.W.3d 399, 402 (Tex. App.—Texarkana 2008, pet. ref'd). The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles." *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014).

However, while we agree that the trial court has broad discretion in administering its docket, the trial court's duty to impanel a jury is ministerial in nature. *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. A ministerial act, by its nature, does not involve the use of judicial discretion. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). Accordingly, the trial court lacked discretion to refuse to impanel a jury when the State refused to consent to Perkins's waiver of a jury trial.

## IX. POLICY

The respondent concluded that the trial of all misdemeanor driving while intoxicated offenses to a jury "represents a substantial and unjustifiable expense" to Victoria County taxpayers, delays the trials of such cases, and interferes with "the orderly administration of justice."

19

We appreciate and acknowledge the ramifications of the State's bright-line policy rejecting plea bargains and requiring jury trials in all misdemeanor driving while intoxicated cases. We further empathize with the frustration experienced by the respondent in attempting to efficiently and timely manage these matters. However, as an intermediate appellate court, we are bound by the precedent of our state's highest criminal court. *Lockard v. State*, 364 S.W.3d 920, 924–25 (Tex. App.—Amarillo 2012, no pet.); *Bolen v. State*, 321 S.W.3d 819, 828 (Tex. App.—Amarillo 2010, pet. ref'd); *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Zarchta v. State*, 44 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see* TEX. CONST. art. 5, § 5(a) (providing that the court of criminal appeals is the final authority for criminal law in Texas). Our court of criminal appeals has determined that the trial court does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the state. *See State ex rel. Curry*, 847 S.W.2d at 562. Similarly, our legislature declares the public policy of the state. *Martinez v. State*, 323 S.W.3d 493, 501 (Tex. Crim. App. 2010). We may not override the legislature's intent in favor of countervailing policy considerations. *Garcia*, 387 S.W.3d at 25; *Martinez*, 323 S.W.3d at 501; *Boykin*, 818 S.W.2d at 785. The legislature has determined that the State has an interest in the method of trial which it has chosen to protect by statute. Accordingly, while we recognize the full implications of the State's policy to demand jury trials in all misdemeanor driving while intoxicated cases, it is not within our province to address these issues here.

## X. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the State has met its burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *Ex Parte George*, 913 S.W.2d at 526; *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. Accordingly, we conditionally grant relator's petition for writ of mandamus. The respondent is directed to vacate the judgment and sentence issued on July 13, 2015, set this cause for a jury trial at the earliest possible day, and thereafter preside over jury selection and trial of the case in the manner prescribed by law. The respondent may not enter a judgment in this cause except upon verdict of a jury as prescribed by law or in the event the State exercises its discretion to consent to the waiver of a jury trial. *See, e.g., State ex rel. Turner*, 676 S.W.2d at 374. Given our ruling in this original proceeding, we deny the respondent's request to assess sanctions against the State.

GREGORY T. PERKES
Justice

Do Not Publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2015.

21