The STATE of Texas, ex rel., Bill R. TURNER, District Attorney, Relator,

v.

W.T. McDONALD, Jr., Judge, Respondent.

No. 69294.

Court of Criminal Appeals of Texas, En Banc.

June 27, 1984.

Rehearing Denied Sept. 26, 1984.

William W. Vance, Bryan, for respondent.

Bill M. Turner, Dist. Atty., Bryan, for relator.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is an original action brought by the Honorable Bill R. Turner, District Attorney of Brazos County, seeking a writ a mandamus directing the Honorable W.T. McDonald, Judge of the 85th Judicial District Court, to impanel a jury and prohibiting until then the entry of a judgment in Cause No. 15,344, styled the *State of Texas v. William Robinson.*[1]

The record reflects that on May 18, 1984 in the above cause the defendant, Robinson, expressed his desire to waive trial by jury both orally and in writing. The State,

1. Robinson stands charged with burglary of a habitation, a felony of the first degree.

however, represented by its Assistant District Attorney, J.D. Langley, refused to consent to the waiver, citing Article 1.13, V.A.C.C.P., which provides:

"The defendant in a criminal prosecution for any offense classified as a felony less than capital *shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made* in person by the defendant in writing in open court *with the consent and approval of* the court, and *the attorney representing the State.* * * * "[2]

In addition to refusing to consent to the waiver of jury, the prosecutor stated:

"[The State] requests the Court to hold this case on the setting it now has for May 21, 1984, jury trial."

The Respondent trial court admitted the defendant's written waiver of jury trial *sans* State's consent for purposes of the record only and agreed with defense counsel that the State has no right to due process of law.[3]

The docket sheet indicates that on May 30, 1984, Respondent nevertheless called the case and heard evidence upon Robinson's plea of guilty; however, Respondent took the case under advisement without finding Robinson guilty or pronouncing judgment. Thereafter, on June 6, 1984, the State filed this original action directly in this Court. On the same day it was ordered filed and set for submission. On June 8, 1984, we ordered all proceedings in Cause No. 15,344 stayed pending further order of the Court.

## I.

Impelled by experienced abuse and oppression inflicted on them as citizens of earlier governments,[4] the Framers of the Constitution of the Republic of Texas insisted upon trial "by an impartial jury."[5] Today, as adopted in 1876, Article I, § 10 grants the same, and Article I, § 15, Tex. Const. mandates, "The right of trial by jury shall remain inviolate."

Thus, while pleas of guilty were permitted, such was regarded to be nothing more than an acknowledgment of the facts charged, and whether those facts constituted an offense was to be decided by the Court, *Crow v. State*, 6 Tex. 334 (1851); if they did, still the law required that a jury assess the punishment. See Article 26.14, V.A.C.C.P., and its predecessors.

Observed in *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1980) (Opinion on Motions for Rehearing), was the following:

"The public policy considerations underlying the hybrid procedure, often overlooked even today, are considerable, just as they were when explained by Presid-

---

**2.** The remainder of the provision reads:

"* * * The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him." (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**3.** Respondent stated:

"I am going to also withhold consenting by the court because I think the statute [Article 1.13, supra] is contrary to the constitutional due process. I am not going to sign it either because I think it's redundant to even require the court or the State to consent to someone's waiving his right to constitutional due pro-

cess. Because that's his right, not our right. I don't think you should need to ask anyone whether or not you want to waive [a] constitutional right."

A showing that the State failed to consent to the waiver of jury trial has alone been held to require reversal on direct appeal. E.g., *Lawrence v. State*, 626 S.W.2d 56 (Tex.Cr.App.1982); *Blackwell v. State*, 648 S.W.2d 768 (Tex.App.— Corpus Christi 1983 *review ref'd.*).

**4.** One of the grievances forcefully expressed in the Declaration of Independence by the Delegates of the People of Texas was that the government "has failed and refused to secure, on a firm basis, the right of trial by jury, that palladium of civil liberty, and only safe guarantee for the life, liberty, and property of the citizen." 3 Vernon's Texas Constitution 520.

**5.** Constitution of 1836, Sixth Declaration of Rights, 3 Vernon's Texas Constitution 535.

ing Judge W.L. Davidson in *Woodall v. State*, 58 Tex.Cr.R. 513, 126 S.W. 591, 593:

'... Of course, this article means that evidence must be introduced before the jury, so that the State and the defendant may be protected in their respective rights, the defendant getting the benefit of any amelioration or extenuation, and the State any aggravating circumstances, that might attend the commission of the offense; and it has been held that this statute is mandatory, and instead of being merely for the benefit of the defendant, *it is more especially designed to protect the interest of the State, by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment.*'

\* \* \* With this significant historical background and an attributed awareness of settled policy determinations, in 1931 by former Articles 10a, 11 and 12, C.C.P. 1925, did the Legislature authorize waiver of jury trial in a noncapital case upon entry of a plea of guilty by the accused."

601 S.W.2d 340 at 346.

As amended and added to by Acts 1931, 42nd Leg., ch. 43, p. 65, §§ 1, 2, and 3, these articles conditioned effectiveness of the waiver by an accused upon consent and approval by the State and the trial court, thereby [effectively] guaranteeing a right of trial by jury to the prosecution in order to *preserve those interests of the State* that Presiding Judge Davidson found in *Woodall*, supra, the earlier law was designed to protect."

601 S.W.2d 340 at 346, n. 8.

*McMillan v. State*, 122 Tex.Cr.R. 583, 57 S.W.2d 125 (1933) held that the Legislature was empowered to so condition the waiver of jury on consent of the State.

Thus it may be seen that it was an utterly "alien notion in both the days of the Republic and the early days of statehood that a citizen be convicted of a felony offense other than by verdict of a jury, there being no procedural method whatever for waiver of jury in the trial of a felony until 1931." *Fairfield v. State*, 610 S.W.2d 771, 776 (Tex.Cr.App.1981).

The 1965 revision of the Code of Criminal Procedure for the first time in Texas authorized a bench trial on a plea of *not* guilty. Articles 1.13 and 1.15, V.A.C.C.P. See generally *Thornton*, supra. And even still today, one accused of a capital felony has no option to waive trial by jury at all. Article 1.14, V.A.C.C.P.[6]

■ In sum, as a matter of Texas constitutional law, an accused has an absolute right to trial by jury in disposition of a felony, but neither an historical nor express right to have a felony accusation tried by the court, sitting without a jury, can be found. The latter is a right conveyed by statute and it is not absolute; instead, it is subject to the procedural conditions provided in Article 1.13, supra.

■ As a matter of "right," the State technically has none to trial by jury, and Respondent is correct that due process and due course of law are guarantees to citizens and not governments or their agents. But as Article 2.01, V.A.C.C.P., attests in its mandate that "[i]t shall be the primary duty of all prosecuting attorneys ... not to convict, but to see that justice is done," the State has legitimate interests, representing the collective citizenry as it does, in the method of trial of criminal accusations. Thus, if the prosecutor believes that it is essential to the interest of doing justice that a particular accused be tried by a fair and impartial jury of his peers, our Legislature has provided the means for vindicating that interest, and we hold nothing in our

---

**6.** "The defendant in a criminal prosecution for any offense may waive any rights secured by law *except the right of trial by jury in a capital felony case.*"

See also and compare *Ex parte Bailey*, 626 S.W.2d 741 (Tex.Cr.App.1981); and *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr.App.1979) with *Ex parte McClelland*, 588 S.W.2d 957 (Tex.Cr. App.1979).

constitution is contravened thereby.[7] *Accord: McMillan v. State*, supra.

Furthermore, Respondent's arguments have been squarely presented to the Supreme Court of the United States as a question of federal constitutional law in *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The Court there reasoned:

> "In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bold proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, *the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.* * * *"[8]

380 U.S. 24 at 36, 85 S.Ct. 783 at 790, 13 L.Ed.2d 630.

Respondent's contention that Article 1.13 is unconstitutional because it grants to the State a "right" to a jury trial is untenable, and we reject it.

## II.

 We hold Respondent does not have the discretion to serve as factfinder in the trial of a felony case absent the consent of the State as prescribed by Article 1.13, supra, to the accused's waiver of a jury trial. Indeed, under the circumstances presented, Respondent has a ministerial duty to conduct a jury trial. Accordingly, the District Attorney of Brazos County is entitled to the extraordinary remedy sought herein. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980); *Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978).

Respondent is directed to set Cause No. 15,344 for jury trial at the earliest possible day and thereafter preside over jury selection and trial of the case in the manner prescribed by law.[9] Furthermore, Respondent is prohibited from entering a judgment in Cause No. 15,344, except upon verdict of a jury as prescribed by law or in the event the State exercises its discretion to consent to the waiver of a jury trial.

It is so ordered.

---

7. An analogue comes to mind: The State's interest in impaneling a fair and impartial jury for the trial of criminal cases is acknowledged and given vitality by Articles 35.15 and 35.16, V.A.C. C.P., granting peremptory challenges and challenges for cause to the State. And, familiar to every student of federal constitutional death penalty jurisprudence is the notion that states have a "legitimate interest in obtaining jurors who could follow their instructions and obey their oaths." *Adams v. Texas*, 448 U.S. 38, 44, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980); see also *Boulden v. Holman*, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969) and *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

8. The quote continues:
"* * * The Constitution recognizes an adversary system as the proper method of determining guilt, and *the Government,* as a liti-

gant, *has a legitimate interest* in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result." *Id.*

9. On this point Respondent contends that the State is not "entitled to the relief" because "vacating the actions of the trial court ... and setting the cause for a jury trial would violate jeopardy." However, former jeopardy is a matter properly raised by a special plea an *accused* is permitted to file and present under Article 27.05, V.A.C.C.P., and if not excepted to by the State, Article 28.12, V.A.C.C.P., directs that the issue itself be submitted to and tried by the jury. The State is not disentitled to relief by a mere prospect that further issues will be raised in the jury trial it is seeking in this cause.