Writ of Mandamus Conditionally Granted; Opinion issued November 13, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01315-CV

## IN RE CRAIG WATKINS, CRIMINAL DISTRICT ATTORNEY OF DALLAS COUNTY, TEXAS, Relator

Original Proceeding from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F10-42330-S and F12-40559-S

# OPINION

Before Justices Morris, Richter, and Lang-Miers
Opinion by Justice Morris

This is an original mandamus proceeding. Relator Craig Watkins filed with us his petition seeking relief after the trial judge permitted real party in interest, Luis Enrique Pena, to waive a jury and plead guilty without the State's consent to the jury waiver. Mandamus is appropriate in a criminal proceeding when the relator establishes: 1) "that he has no adequate remedy at law to redress the harm that he alleges will ensue," and 2) "that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *see also State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). Relator has established his entitlement to relief, and we therefore conditionally grant the writ of mandamus.

Real party in interest Luis Enrique Pena was charged with possession of a controlled

substance on two separate occasions, and his case was set for trial before a jury on September 5, 2012. That morning, the trial judge permitted Pena to waive his right to a jury trial and plead guilty over the State's objection. According to the trial judge's response to relator's petition, he took such action so he could consider Pena's request for deferred adjudication, a punishment that may not be assessed by a jury. *See* TEX. CODE CRIM. PROC. ANN. Art. 42.12, §5 (West Supp. 2011).

The Texas Code of Criminal Procedure, however, clearly states that a defendant can only waive his right to a trial by jury if the State consents and approves. TEX. CODE CRIM. PROC. ANN. Art. 1.13(a) (West Supp. 2012). Further, the court of criminal appeals long ago concluded that "defendants accused of felony offenses have a constitutional right to trial by jury, but do not have a constitutional protected right to waive trial by jury." *In re Roach*, No. 05-09-01451-CV, 2010 WL 537751, at *3 (Tex. App.–Dallas Feb. 17, 2010, orig. proceeding) *(citing State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 373 (Tex. Crim. App. 1984, orig. proceeding). Because the trial court had no discretion to disregard Article 1.13(a), and because the State has no adequate remedy at law to redress the failure to have a jury trial without its consent and approval, relator is entitled to the writ he seeks. *Simon*, 306 S.W.3d at 321.

Accordingly, we conditionally grant relator's petition for writ of mandamus. The writ will issue only in the event the trial judge fails to withdraw his acceptance of the guilty pleas entered in cause numbers F10-42330-S and F12-40559-S, withdraw his ruling denying the State's request for a trial by jury, and withdraw his factual findings related to real party in interest's guilty pleas made on September 5, 2012.

JOSEPH B. MORRIS
JUSTICE

121315F.P05

–2–