

## NUMBER 13-15-00323-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE THE STATE OF TEXAS EX REL. STEPHEN B. TYLER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Perkes
## Memorandum Opinion by Chief Justice Valdez[1]

By petition for writ of mandamus, relator, the State of Texas ex rel. Stephen B. Tyler, contends that the trial court erred in convening a sentencing hearing before the bench because the State had not waived its right to a jury trial. We agree with the State and conditionally grant mandamus relief in this case and in three companion cases decided this same date. *See In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00316-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

(mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00317-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding) (mem. op., not designated for publication); *In re State of Tex. ex rel. Stephen B. Tyler*, No. 13-15-00339-CR, 2015 WL ___ (Tex. App.—Corpus Christi Oct. 30, 2015, orig. proceeding) (mem. op., not designated for publication).

## I. BACKGROUND

The real party in interest, Jaimie Rene Runnels, was charged by information in trial court cause number 1-103420 with the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.). On July 13, 2015, the case was called for trial by the respondent, the Honorable Eli Garza of the 377th District Court of Victoria County, Texas.[2] That day, Runnels pleaded guilty and waived his right to a jury trial. The prosecutor representing the State, Jake Srp, did not sign a waiver of a jury trial and objected to proceeding without a jury. The respondent overruled the State's objection and accepted Runnels's plea of guilty. In so doing, the respondent articulated his reliance on statutory interpretation and stated that he was taking judicial notice that the State's policy of refusing to waive jury trials was "interfering with the orderly administration of the business of the courts" and requiring the appointment of counsel in all such cases.

The State requested a stay in the proceedings to seek review in this Court. The trial court denied the request for a stay and ordered the State to proceed with the punishment hearing. The State filed a petition for writ of mandamus with a request for

---

[2] Runnels's case was pending in the County Court at Law Number One of Victoria County, Texas. According to Runnels's response to the petition for writ of mandamus, Judge Garza was sitting as a judge of the County Court at Law in order to assist in presiding over the eight misdemeanor driving while intoxicated cases scheduled for that day on the county court trial docket.

emergency relief with this Court; however, the punishment hearing was completed and the trial court issued its sentence almost simultaneously with the State's filing. The trial court found Runnels guilty, sentenced him to confinement in the Victoria County Jail for 180 days, assessed a fine of $750 and costs, and placed him on community supervision for a period of nine months. This Court therefore dismissed the State's petition for writ of mandamus as moot. *See In re State ex rel. Tyler*, No. 13-15-00315-CR, 2015 WL 4381222, at *1 (Tex. App.—Corpus Christi July 13, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

This original proceeding subsequently ensued. By one issue, the State contends that the trial court erred in convening a sentencing hearing before the court when the State had not signed a written waiver of its right to trial before a jury. The State requests that we grant the petition and order the respondent to vacate the judgment and sentence issued on July 13, 2015 and empanel a jury to hear the case. This Court requested that Runnels, or any others whose interest would be directly affected by the relief sought, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2.

On July 22, 2015, the respondent filed a response to the petition for writ of mandamus. The respondent stated that it took judicial notice of the State's policy that it would no longer be offering plea bargain agreements in misdemeanor driving while intoxicated cases; that this policy had caused an "extreme backlog"; that the district court judges had offered to assist the county court judges to alleviate the backlog; and that the State's policy caused additional expense to the citizens of Victoria County and burdened its court system. The respondent's arguments, as restated, are that: (1) the State does not have an absolute right to a jury trial in misdemeanor pleas; (2) the defendant's right

3

to waive a jury trial is being denied; and (3) the trial court has broad discretion to control its docket which outweighs the State's assertion of its right to a jury trial in a case involving a misdemeanor guilty plea.

On July 27, 2015, Runnels filed his response to the petition for writ of mandamus. Runnels alleged that the State's policy prohibiting plea bargains in misdemeanor driving while intoxicated cases caused a delay in his trial of almost one year. Runnels further argues that the State's right to a jury trial in misdemeanor cases is not guaranteed under Texas law. Runnels bases his argument on statutory construction, that is, the differences between pleas of guilty or nolo contendere in felony and misdemeanor cases, and the legislative intent regarding the 1991 revisions to article 1.13. Runnels further argues that he has been sentenced following a hearing at which both the State and his attorney offered evidence and argument, and has begun to carry out the terms and conditions for his community supervision.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005)

4

(orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

In criminal proceedings, the State has a limited right to appeal, which does not include the right to appeal the trial court's decision to waive a jury trial without the State's consent. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West, Westlaw through 2015 R.S.) (listing the orders that the State is entitled to appeal in criminal cases); *State v. Redus*, 445 S.W.3d 151, 153 (Tex. Crim. App. 2014) (examining the State's statutory right to appeal in criminal cases). Therefore, if the State challenges a defendant's jury waiver and contends that the Court failed to perform the ministerial duty of impaneling a jury, mandamus is the proper vehicle with which to seek relief. *In re State ex rel. Tharp*, 393 S.W.3d 751, 752 (Tex. Crim. App. 2012) (orig. proceeding); *State ex. rel. Turner v. McDonald*, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984) (orig. proceeding) (en banc); *State ex. rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992) (orig. proceeding) (en banc) (per curiam); *see also In re Roach*, No. 05-09-01451-CV, 2010 WL 537751, at *1 (Tex. App.—Dallas Feb. 17, 2010, orig. proceeding) (mem. op.) (conditionally granting mandamus relief when the trial court allowed the defendant to

plead guilty and waive a jury trial without the State's consent). Accordingly, we proceed with our review regarding the merits of this original proceeding.

### III. APPLICABLE LAW

By one issue, the State contends that the respondent committed error when he convened a sentencing hearing before the trial court when the State had not signed a written waiver of its right to trial before a jury. Runnels and the respondent assert that Runnels does not need the State's consent to plead guilty, waive a jury, and have the respondent perform sentencing.

The issue before us is whether a defendant in a misdemeanor case may unilaterally waive a jury and plead guilty before the court without the State's consent and approval. The Dallas Court of Appeals and other courts have concluded that under article 1.13(a), a misdemeanor defendant may not waive a jury without the State's consent and approval, even when the defendant pleads guilty. *See In re State ex rel. O'Connell*, 976 S.W.2d at 905; *State v. Fisher*, 212 S.W.3d 378, 381 (Tex. App.—Austin 2006, pet. ref'd) (holding that the trial court lacked authority to adjudicate the defendant's guilt in a misdemeanor case because State did not agree to the defendant's jury waiver); *see also In re Escamilla*, No. 03-12-00341-CV, 2012 WL 2989170, at *1 (Tex. App.—Austin Jul. 10, 2012, orig. proceeding) (mem. op.) (conditionally granting mandamus relief in favor of the district attorney where the trial court erred in proceeding to accept a guilty plea in a bench trial without the State's consent to a jury waiver); *In re Watkins*, No. 05-11-01067-CV, 2011 WL 3570520, at *1 (Tex. App.—Dallas Aug. 16, 2011, orig. proceeding) (concluding that the trial court erred in acting as the fact-finder in a driving while intoxicated case when the State did not consent to a jury waiver, but denying mandamus

6

relief on grounds that the State had the right to appeal the defendant's order of acquittal); *McCutchen v. State*, No. 04-09-00350-CR, 2010 WL 3699987, at \*6 (Tex. App.—San Antonio Sept. 22, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding that the trial court did not err in allowing the State to refuse to waive a jury trial where the appellant argued that the State was insisting on a jury trial for an "ignoble and unreasonable purpose"); *cf. In re Watkins*, 390 S.W.3d 583, 584 (Tex. App.—Dallas 2012, orig. proceeding) ("The Texas Code of Criminal Procedure . . . clearly states that a defendant can only waive his right to a trial by jury if the State consents and approves.").

In a case similar to the one before this Court, the Texas Court of Criminal Appeals considered an original proceeding brought by the District Attorney of Tarrant County seeking a writ of mandamus directing the trial court to empanel a jury and to prohibit the entry of a judgment. *State ex rel. Curry*, 847 S.W.2d at 561. The defendant in that case stated that she wished to waive a trial by jury. *Id.* Relying on article 1.13, the State refused to consent to the defendant's jury waiver. *Id.* The trial court denied the State's request that the matter be set for a jury trial. *Id.* at 561–62. The court of criminal appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by [article 1.13(a)] to the accused's waiver of [a] jury trial." *Id.* at 562. Specifically, the court held that under the circumstances presented, the trial court had a "ministerial duty to conduct a jury trial." *Id.* In so holding, the court of criminal appeals relied on its previous analysis in *State ex rel. Turner v. McDonald*, 676 S.W.2d 371 (Tex. Crim. App. 1984) (en banc), in which it held that a district court did not have the discretion to serve as a factfinder in a felony case absent the State's consent to the defendant's jury waiver. *Id.*

7

at 374; *see also In re State ex rel. Tharp*, 393 S.W.3d at 752 (conditionally granting mandamus relief in favor of the State requiring the trial court "to submit the entire case—both guilt and punishment—to the jury after the defendant plead guilty" to a felony offense); *In re Roach*, 2010 WL 537751, at \*\*2–3 (conditionally granting mandamus relief in favor of the district attorney in a felony case where the trial court erred by accepting a guilty plea when the State did not consent to the waiver of a jury trial).

Accordingly, the trial court has a ministerial duty to empanel a jury when the State refuses to consent to the defendant's jury waiver. In such a case, where the defendant pleads guilty and the trial court accepts the plea, but the jury has not or cannot be waived, the proper procedure is for the trial court to direct a verdict of guilt and proceed with punishment. *Morin v. State*, 682 S.W.2d 265, 269 (Tex. Crim. App. 1983); *see also In re State ex rel. Tharp*, 393 S.W.3d at 758–59 (stating that when the defendant pleads guilty and the State refuses to join the defendant's waiver of a jury trial, the trial court must submit all relevant issues, including punishment, to the jury).

## IV. CONFLICTING STATUTORY PROVISIONS

Runnels and the respondent contend that articles 27.14 and 1.13 of the Texas Code of Criminal Procedure are in irreconcilable conflict, that article 27.14 is narrower in scope than article 1.13, and thus article 27.14 controls our analysis of the situation before the Court. According to Runnels and the respondent, article 27.14 does not require the State to consent to the defendant's jury waiver in a misdemeanor case.

The analysis in this case concerns the interaction between article 1.13, entitled "waiver of trial by jury," and article 27.14, entitled "plea of guilty or nolo contendere in misdemeanor." Article 1.13 provides in relevant part:

(a)      The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19,[3] the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

. . . .

(c)      A defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

TEX. CODE CRIM. PROC. ANN. art. 1.13. Thus, a defendant in *any* case other than a capital felony case involving the death penalty can waive a trial by jury if the waiver is made with the "consent and approval of the court, and the attorney representing the state." *Id.* art. 1.13(a) (emphasis added); *see, e.g., Ex parte Garza*, 337 S.W.3d 903, 912 (Tex. Crim. App. 2011) (holding that a trial court erred in declaring a mistrial in a misdemeanor case over the defendant's objection when "the defendant waives his right to trial by a complete jury under Article 1.14, and the State and the trial court are willing to consent to do so under Article 1.13(a)"). In contrast, article 27.14, which concerns pleas of guilty or nolo contendere in misdemeanor cases, provides in section (a) that:

A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be

---

[3] Article 27.19 of the Texas Code of Criminal Procedure provides the requirements for accepting pleas from persons confined in a penal institution. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19 (West, Westlaw through 2015 R.S.).

9

assessed by the court either upon or without evidence, at the discretion of the court.

TEX. CODE CRIM. PROC. ANN. art. 27.14.

When interpreting statutes, a court must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Garcia v. State*, 387 S.W.3d 20, 22–23 (Tex. Crim. App. 2012) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). Toward that end, a court must focus its "attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Boykin*, 818 S.W.2d at 785. However, when the application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous, a court may consider extra-textual factors such as the legislative history of the statute. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818 S.W.2d at 785–86. In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). Except under unusual circumstances, it is best to effectuate the legislative intent evidenced by the plain language of statutes. *Garcia v. State*, 829 S.W.2d 796, 799–800 (Tex. Crim. App. 1992); *Camacho v. State*, 765 S.W.2d 431, 433 (Tex. Crim. App. 1989); *see also Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). Otherwise, courts risk invading the legislature's province by reading into the law that which is clearly not there. *Ex Parte Halsted*, 182 S.W.2d 479, 482 (Tex. Crim. App. 1944).

It is our duty to harmonize all of the statutory provisions and give full effect to each if it is possible to do so under the established rules of statutory construction. *Postell v.*

10

*State*, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985) (en banc); *Cuellar v. State*, 521 S.W.2d 277, 279 (Tex. Crim. App. 1975). Focusing on the literal text of article 26.14 and article 1.13, article 26.14 governs pleas of guilty or nolo contendere in misdemeanor cases and article 1.13 governs the waiver of jury trials. Construing the articles together, we see no conflict between these articles. Article 1.13(a) sets out the specific and required procedure for waiving a jury trial and clearly requires the State's consent and approval to validate a defendant's jury waiver. Nothing in article 27.14(a) is to the contrary. Article 27.14 is not rendered meaningless by this interpretation because it instead delineates the procedure for making pleas of guilty or nolo contendere in misdemeanor cases—that is, such pleas may be made either by the defendant or counsel.

Moreover, as acknowledged by the parties, the Dallas Court of Appeals has considered this same argument and rejected it. *In re State ex rel. O'Connell*, 976 S.W.2d 902. In a thorough and lengthy analysis, the court considered the plain language of these two articles, parsed the words and phrases therein, analyzed these articles' interaction with article 27.13, reviewed the history of Texas jurisprudence regarding jury waivers, and contemplated the application of the rule of *in pari materia*. *See id.* at 905–08. The Dallas Court of Appeals concluded that articles 1.13 and 27.14 did not conflict and article 1.13 requires the State's consent to a defendant's jury waiver in a misdemeanor case. *See id.*

Based upon our analysis, we agree with the Dallas Court of Appeals and conclude that the code of criminal procedure provisions can be harmonized, and we reject arguments otherwise. *See id.*

### V. LEGISLATIVE INTENT

11

Runnels contends that the legislative history of article 1.13 indicates that "there is serious doubt" that it was intended to apply to any cases other than capital felonies. As an initial matter, we note that we do not typically resort to extra-textual factors such as legislative history unless application of a statute's plain language would lead to absurd consequences, or when the language is not plain but rather ambiguous. *Garcia*, 387 S.W.3d at 22–23; *Boykin*, 818 S.W.2d at 785–86. Accordingly, our holding in this case is not dependent on the legislative history of article 1.13. However, even if we were to consider the legislative history of article 1.13 in analyzing its application to misdemeanor offenses, we would conclude that the legislative history does not indicate that article 1.13 applies only to felony pleas.

Article 1.13 was amended in 1991. *See* Act of May 27, 1991 (H.B.9), 72nd Leg. R.S., ch. 652, 1991 TEX. GEN. LAWS 2394. The caption to House Bill 9 reads: "[a]n act relating to the waiver of jury trial for a person charged with a capital offense and to the punishment, sentencing and availability of parole for a person convicted of a capital offense." *Id.* An examination of House Bill 9 shows thirteen amendments to the Texas Penal Code and Texas Code of Criminal Procedure, all concerning capital felony prosecutions, and section 15(a) of House Bill 9 states that the amendments to articles 1.13 apply "to the trial of a capital offense that commences on or after the effective date of the act." *Id.* Runnels thus urges that the history of the amendments to 1.13 indicates that it was not intended to apply to any cases other than capital felonies.

As stated previously, in 1992, the Texas Court of Criminal Appeals held that the trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art.

12

1.13(a), supra, to the accused's waiver of jury trial," and instead "has a ministerial duty to conduct a jury trial." *State ex rel. Curry*, 847 S.W.2d at 562. The court so held despite a sharp dissenting opinion reviewing the legislative history of article 1.13 and the rules of statutory construction. *See id.* at 562–63 (Miller, J., dissenting) ("My research reveals that the legislature never intended to give the State the power to force a jury trial in a misdemeanor case when it amended Article 1.13(a)."). Accordingly, in view of the court of criminal appeals' handling of the legislative history of article 1.13, we conclude that the legislative history of article 1.13 does not indicate that misdemeanor offenses were intended to be excluded from the scope of that article. *See id.; Chaouachi v. State*, 870 S.W.2d 88, 93 (Tex. App.—San Antonio 1993, no pet.) (analyzing the dissent in *State ex rel. Curry v. Carr* and determining that the legislative history of article 1.13 did not indicate that it was intended to apply only to felony offenses).

## VI. RIGHT TO JURY TRIAL & WAIVER

Runnels contends that the State has no guaranteed right to a jury trial in misdemeanor cases. The respondent further contends that the State's actions in demanding a jury trial have deprived Runnels of his right to waive a jury trial.

A criminal defendant has the right to a trial by jury. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district . . . ."); TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate. The [l]egislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."); TEX. CODE CRIM. PROC. ANN. art. 1.12 (West, Westlaw through 2015 R.S.) ("The right of trial by jury shall remain inviolate."); *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009) ("A defendant

13

has an absolute right to a jury trial."). Subject to the conditions of the Texas Code of Criminal Procedure, a criminal defendant also has the right to waive a jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West, Westlaw through 2015 R.S.) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code."). Further, when a criminal defendant pleads guilty, he waives several constitutional rights, such as the right to a trial by jury. *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013); *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 88 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In contrast, the State "technically" has no "right" to trial by jury, and due process and due course of law are guarantees applicable to citizens and not governments or their agents. *State ex rel. Turner*, 676 S.W.2d at 373–74.

To the extent that Runnels and respondent contend that forcing individuals to a jury trial infringes on their rights, this issue has been determined as a question of federal constitutional law in *Singer v. United States*, 380 U.S. 24 (1965). The court there reasoned:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bold proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

14

*Id.* at 36. Quoting and following *Singer*, our highest criminal court in Texas has concluded that article 1.13 is not unconstitutional on grounds that it grants the State a "right" to a jury trial. *See State ex rel. Turner*, 676 S.W.2d at 374. Specifically, there is no violation of the due process or due course of law provisions of the federal or state constitutions in applying the provisions of article 1.13 to require the State's consent to a jury waiver. *See id.* Accordingly, there is no constitutional impediment to conditioning a defendant's ability to waive trial by jury on the State's consent. *See id.*

## VII. TRIAL COURT'S DISCRETIONARY CONTROL OF ITS DOCKET

The respondent contends that judicial economy and a responsible use of resources are compelling reasons to accept Runnels's guilty plea in order to "effectively control its docket."

We agree that the control of the business of the court is vested in the sound discretion of the trial judge. *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (en banc); *see Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994). Specifically, the "trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court." *Taylor v. State*, 255 S.W.3d 399, 402 (Tex. App.—Texarkana 2008, pet. ref'd). The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles." *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014).

However, while we agree that the trial court has broad discretion in administering its docket, the trial court's duty to impanel a jury is ministerial in nature. *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. A ministerial act, by its nature, does not involve the use of judicial discretion. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). Accordingly, the trial court lacked discretion to refuse to impanel a jury when the State refused to consent to Runnels's waiver of a jury trial.

## VIII. POLICY

The respondent points out that the State's refusal to accept plea bargains in misdemeanor driving while intoxicated cases has caused an "extreme backlog" of cases and results in defendants "who would otherwise be pleading guilty" being required to hire an attorney or request representation by a court-appointed attorney. The respondent asserts that the State's policy has caused "an ever increasing docket and waste of economic and judicial resources," and that "[a]rbitrary actions . . . requesting jury trials accomplish nothing but delays in justice."

We appreciate and acknowledge the ramifications of the State's bright-line policy rejecting plea bargains and requiring jury trials in all misdemeanor driving while intoxicated cases. We further empathize with the frustration experienced by the respondent in attempting to handle these matters. However, as an intermediate appellate court, we are bound by the precedent of our state's highest criminal court. *Lockard v. State*, 364 S.W.3d 920, 924–25 (Tex. App.—Amarillo 2012, no pet.); *Bolen v. State*, 321 S.W.3d 819, 828 (Tex. App.—Amarillo 2010, pet. ref'd); *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Zarchta v. State*, 44 S.W.3d 155, 162

16

(Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see* TEX. CONST. art. 5, § 5(a) (providing that the court of criminal appeals is the final authority for criminal law in Texas).  Our court of criminal appeals has determined that the trial court does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the state.  *See State ex rel. Curry v. Carr*, 847 S.W.2d at 562.  Similarly, our legislature declares the public policy of the state*.  Martinez v. State*, 323 S.W.3d 493, 501 (Tex. Crim. App. 2010).  We may not override the legislature's intent in favor of countervailing policy considerations.  *Garcia*, 387 S.W.3d at 25; *Martinez*, 323 S.W.3d at 501; *Boykin*, 818 S.W.2d at 785.  The legislature has determined that the State has an interest in the method of trial which it has chosen to protect by statute.  *See State ex rel. Turner*, 676 S.W.2d at 373 (stating that the State has "legitimate interests, representing the collective citizenry as it does, in the method of trial of criminal accusations" and the State may conclude that it is "essential to the interest of doing justice that a particular accused be tried by a fair and impartial jury of his peers"); *Watson v. State*, 730 S.W.2d 150, 152 (Tex. App.—Amarillo 1987, pet. ref'd).

Accordingly, while we recognize the full implications of the State's policy to demand jury trials in all misdemeanor driving while intoxicated cases, it is not within our province to address these issues here.

## IX. INJUSTICE

Runnels argues that mandamus should be denied in this case because he "has been sentenced in accordance with the Texas Code of Criminal Procedure and has begun to carry out the requirements of his sentence."  Runnels contends that if the petition for writ of mandamus is granted, "the overriding injustice is the possibility that all of [his]

17

efforts . . . to comply with a lawful judgment and sentence . . . will be for naught." Runnels offers no other argument or authority in support of his assertion that this defeats mandamus relief.

We have already determined that the trial court had a ministerial duty to empanel a jury when the State refused to consent to Runnels' jury waiver, thus the trial court's act of proceeding to sentencing before the bench was improper and the resulting sentence was a nullity. Criminal defendants always stand the risk of an appeal of an illegal sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(b) ("The state is entitled to appeal a sentence on the ground that the sentence is illegal."). Further, a trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Accordingly, we reject Runnels' argument that his efforts to comply with the sentence previously imposed renders mandamus relief inappropriate.

## X. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the State has met its burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *Ex Parte George*, 913 S.W.2d at 526; *State ex. rel. Curry*, 847 S.W.2d at 562; *State ex. rel. Turner*, 676 S.W.2d at 374. Accordingly, we conditionally grant relator's petition for writ of mandamus. Respondent is directed to vacate the judgment and sentence issued on July 13, 2015, set this cause for a jury trial at the earliest possible day, and thereafter preside over jury selection and trial of the case in the manner prescribed by law. Respondent may not enter a judgment in this cause except upon verdict of a jury as prescribed by law or in the

18

event the State exercises its discretion to consent to the waiver of a jury trial. *See, e.g.,*

*State ex rel. Turner*, 676 S.W.2d at 374.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
CHIEF JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2015.