**Petitions for Writs of Mandamus and Writs of Prohibition Denied and Opinion filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

**NO. 14-20-00451-CR**
**NO. 14-20-00452-CR**
**NO. 14-20-00453-CR**
**NO. 14-20-00454-CR**

## IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

**ORIGINAL PROCEEDINGS**
**WRITS OF MANDANUS**
**WRITS OF PROHIBITION**
**County Criminal Court at Law No. 16**
**Harris County, Texas**
**Trial Court Cause Nos. 2288950 & 2288951**

## OPINION

On June 23, 2020, relator the State of Texas ex rel. Kim Ogg, Harris County District Attorney, filed petitions for writs of mandamus and petitions for writs of prohibition in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petitions for writs of mandamus, the State asks this court to

compel the Honorable Darrell Jordan, presiding judge of County Criminal Court at Law No. 16 in Harris County, to set aside his June 11, 2020 ruling in trial court cause numbers 2288950 and 2288951, *The State of Texas v. Jacob Darrin Straughan,* granting Straughan's motion to conduct a bench trial without the State's consent to waiver of a jury trial. In the petitions for writs of prohibition, the State seeks to prevent Judge Jordan from proceeding to trial with Judge Jordan acting as factfinder.

The State also filed motions for temporary relief of the proceedings below. *See* Tex. R. App. P. 52.8(b), 52.10. On June 24, 2020, we ordered a stay of the trial proceedings. On July 8, 2020, Straughan filed a response.

## BACKGROUND

Straughan was charged on December 1, 2019, with misdemeanor offenses of evading arrest and assault. The cases were reset multiple times at Straughan's request. In February 2020, the State and Straughan entered a pretrial intervention contract, and the cases were reset to December 18, 2020. On May 18, 2020, Straughan was charged with two new offenses—misdemeanor assault and felony violation of a protective order.

On June 10, 2020, Straughan moved for a speedy trial. Straughan asserted the State agreed to continue the intervention contract even though there was another incident on April 17, 2020. However, on May 18, 2020, the State accepted new charges for the April 17, 2020 incident. On June 4, 2020, Straughan was advised the State intended to terminate the intervention contract. At a hearing on June 8, 2020, Straughan took the position that if the intervention contract were terminated, he wished to waive his right to a jury trial and proceed to a bench trial.

2

Straughan pointed out that under the Texas Supreme Court's emergency orders regarding COVID-19, he cannot have a jury trial until August 1, 2020, and probably would not have a jury trial until 2021.

Straughan also filed a written waiver of a jury and a request for a bench trial, arguing that it is his right to waive a jury. Straughan asked the trial court to waive Code of Criminal Procedure article 1.13, which provides that the State must consent to a bench trial:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

Tex. Code Crim Proc. Ann. art. 1.13(a).

The trial court held a hearing on June 11, 2020, at which Straughan withdrew his motion for speedy trial. The reporter's record reflects the trial court set the case for a bench trial on June 26, 2020. The State then filed these writs, as set forth above.

## APPLICABLE LAW

To be entitled to relief on a petition for writ of mandamus, the State must demonstrate the act sought to be compelled is purely ministerial and the State has

3

no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). To be entitled to relief on a petition for writ of prohibition, the State must show it has no other adequate remedy at law and is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 432–44 (Tex. Crim. App. 1993). The State has no right to appeal the trial court's ruling. *See* Tex. Code Crim Proc. Ann. art. 44.01. This satisfies the no-adequate-legal-remedy requirement. *See Poe*, 98 S.W.3d at 203.

To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment. *Id*. at 198. Similarly, a writ of prohibition will issue to require execution of a matter whose merit is indisputable. *Knowles v. Scofield,* 598 S.W.2d 854, 860 (Tex. Crim. App. 1980).

Generally, absent the State's consent and approval of a defendant's jury waiver, a trial court has a ministerial duty to conduct a jury trial on the issue of guilt or innocence and abuses its discretion by serving as factfinder, entitling the State to mandamus relief. *State ex rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex. Crim. App. 1992); *In re Watkins*, 390 S.W.3d 583 (Tex. App.—Dallas 2012, no pet.); Tex. Code Crim Proc. Ann. art. 1.13(a).

## ANALYSIS

The emergency order[1] provides:

> 3.    Subject only to constitutional provisions, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
>> a.    . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020 . . . .

The emergency order expressly allows the court in a criminal case to suspend all procedures prescribed by statute. The State has no constitutional right to a jury trial—that right belongs to the defendant. *See* Tex. Const. art. I, § 10. The State's right to withhold consent to the defendant's waiver of his constitutional right to a jury is statutory. *See* Tex. Code Crim. Proc. Ann. Art. 1.13(a). The trial court's application of the emergency order to suspend the consent requirement in article 1.13(a) is consistent with the plain language of the emergency order. Thus, the State has not established a clear legal right to the relief sought.

---

[1] *See* Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster ¶ 3(a), Misc. Docket No. 20-9112 (Tex. Sept. 18, 2020), 83 Tex. B.J. –, *available at* https://www.txcourts.gov/media/1449738/209112.pdf. At the time of the trial court's ruling, the Seventeenth Emergency Order was in effect. Seventeenth Emergency Order Regarding the COVID-19 State of Disaster ¶ 3(a), Misc. Docket No. 20-9071 (Tex. May 26, 2020), 83 Tex. B.J. 496, 496 *available at* https://www.txcourts.gov/media/1446702/209071.pdf. Because the issue is subject to the "capable of repetition, yet evading review" exception to the mootness doctrine, we proceed under the current effective emergency order, which is substantively the same. *Pharris v. State*, 165 S.W.3d 681, 683 (Tex. Crim. App. 2005) (recognizing exception applies when (1) challenged action was too short in duration to be litigated fully before action ceased or expired and (2) reasonable expectation exists that same complaining party will be subjected to same action again).

5

Before this court, the State claims: (1) suspending article 1.13(a) is inconsistent with the Texas Constitution's grant to the Legislature to govern the waiver of jury rights and (2) suspending article 1.13(a) is inconsistent with the statutory authority granted to the Supreme Court of Texas. *See* Tex. Const. art. I, § 15; Tex. Gov't Code Ann. § 22.0035. Our review of the record reflects the former argument was not presented to the trial court. Accordingly, we do not address it. *See In re State ex rel. Rodriguez*, No. 13-19-00200-CR, 2019 WL 2426597, at *5 (Tex. App.—Corpus Christi June 10, 2019, orig. proceeding) (mem. op., not designated for publication) (recognizing "[i]t is well established that arguments which are not presented to the trial court will not be considered in a petition for writ of mandamus.") (citing *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1991) (orig. proceeding) (refusing to consider argument that was not presented to trial court). *See also In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op., not designated for publication) (same).

Turning to the latter, the State argued in the trial court that the portion of the Government Code authorizing emergency orders allows suspension of procedures "for the conduct of any court proceeding." The State contended "for the conduct" is a limitation on the types of procedures that may be suspended and it does not include "things that are substantive in nature," such as the statutory requirement that the State consent to a defendant's waiver of a jury trial.

The State's argument is not based on the plain language of the emergency order, which allows the trial court to modify any procedure subject only to constitutional limitations. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.

App. 1991) (discussing plain-language test). Assuming, without deciding, that "for the conduct" imposes a limitation on the type of procedure that an emergency order may suspend, it is a statutory, not constitutional limitation. *See* Tex. Gov't Code Ann. § 22.0035. Because the State has not shown that "any procedure" does not encompass a bench trial, it has not established it is indisputably entitled to the relief it seeks or that the trial court had a ministerial duty to deny appellant's request.

The State's petitions are denied, and we lift the stay previously imposed in the underlying causes. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Spain.
Publish — Tex. R. App. P. 47.2(b).